No. 53—JACOB CARTER, *Prochein Amy,* &c. plaintiff in error, *vs.* JONATHAN ANDERSON, Adm'r. &c. defendant.

[1.] The dismission of an Executor or Administrator by the judgment of the Court of Ordinary, under the Act of 1810, is a complete bar, both at Law and in Equity, unless impeached for fraud.

In Equity, in Tatnall Superior Court; Demurrer. Decided by Judge HOLT, April Term, 1848.

The plaintiff in error, as the next friend of his four minor children, filed this bill against the defendant in error, as the administrator of their deceased grandmother; praying an account for their

Carter *vs.* Anderson.

distributive portion of the estate.    The bill alleged that the administrator had been dismissed by the Court of Ordinary of Tatnall county, but charged that the dismission was obtained fraudulently. " In proof of which, the bill alleges, that the defendant obtained letters of administration on 5th May, 1845, and was dismissed on 6th July, 1846."

To this bill a demurrer was filed, and on hearing the demurrer, the Court below dismissed the bill, because said dismission had been granted by the Court of Ordinary of Tatnall county—a Court of competent jurisdiction—and was conclusive against the parties until reversed.

To which decision the complainants excepted, and alleged the same to be erroneous.

WM. B. GAULDEN, represented by I. L. HARRIS, for plaintiff in error.

STARNES, represented by ROCKWELL, for defendant in error.

Points to be submitted by defendant in error, with authorities relied on :

1. A person who is discharged by the Court of Ordinary from his administration, and has obtained letters dismissory, is no longer liable for and on account of said administration, if said discharge has not been fraudulently obtained.    *Act of* 1810, *Prince's Dig.* 240.    *Cobb's Anal.* 252.    *Dud. R.* 190.

2. The Court of Ordinary will be presumed to have done its duty in requiring all that was necessary first to be done before granting the discharge.    *Dudley R.* 190, 191.

3. If a fraudulent charge be alleged, circumstances amounting to fraud should be set forth in the bill.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The question for review, here, is whether the dismission of an executor or administrator, by judgment of the Court of Ordinary, under the Act of 1810, is a bar to a suit by distributers or legatees.    The bill in this case states the dismission, and the question is made by demurrer.    In our judgment the discharge is a bar, both at Law and in Equity, unless fraudulently obtained:    There

are several grounds of mal-administration alleged in the bill. These are not, nor would any such grounds be sufficient to open the judgment. The Court of Ordinary has competent jurisdiction over the subject matter expressly given by Statute. We are to presume that the Law was complied with—that all the prerequisites were had—that the Court did its duty—and that the judgment is regular, except in so far as it is impeached for fraud. We are not to be understood as extending this decision to all orders of the Court of Ordinary—it is applicable to dismissions under the Act of 1810 alone. That Act is very full and very plain. However solicitous a Court might be, in just such a case as that made by this bill, to hold the administrator to account, it has no discretion in the matter. Its duty is perfectly plain, and that is to give effect to the will of the Legislature, so perspicuously and fully declared, as to leave no room for doubt. The Act of 1810, *(Prince* 240.) requires a petition for a discharge to be filed, upon which, the Court is required to order a citation to be issued, calling upon all persons concerned to show cause, on the day therein specified, why the administrator or executor should not be discharged; which citation must be published in one or more of the public gazettes of the State for six months. All this we are to presume has been done. The parties are presumed to have had notice and their day in Court; to have shown no cause, or insufficient cause, against the granting of the petition. The complainants in this case are minors—were, of course, minors when the dismission was granted. Even they, the law must presume, had their day in Court, for it was competent for them to appear by their next friend and resist the dismission. This, I say, is the presumption of the Law, but it is not a reasonable presumption of fact. As to them, it must be conceded, the Statute makes a hard case. To which hardship, I will again advert. The condition of the discharge is, that the administrator or executor *has faithfully and honestly discharged the trust and confidence reposed in him.* One of the trusts is, that he shall truly account to the ordinary, or to whomsoever may be entitled in law to receive it, for the distributive share, if any, of these minors, in the estate which he represents. Again, the presumption of law is that he has done this, and that either there was nothing in his hands to distribute, or they were fully paid. The Statute goes yet farther, and constitutes the Court of Ordinary, the supervisors and protectors of the

rights of all persons in interest; for it makes it the duty of that Court to *examine into the situation* of the testator's, or intestate's, *affairs and estates* ; with a view to ascertain, before granting the dismission, that the trust and confidence reposed in the executor or administrator has been fully discharged. We are compelled to presume that they, in this particular, did their duty. The judgment covers all these presumptions. Upon these requirements being fulfilled, the Legislature proceeds to enact that the executor or administrator, "shall be forthwith dismissed, and *released* from his liability as executor or administrator." Here is the finale—the legislative announcement that the discharge is *a release.* That the dismission is a release, and bar, both at Law and Equity, unless impeached for fraud, has been held by the Judges of our own State in Convention. *Smith et al. vs. T. W. Oliver, &c. Dudley* 190.

This judgment, we say, may be set aside, and the administrator held to account, as may any judgment at Law, if the complainant can show that it was obtained by fraud, or that these minors had cause to show against it, of which they were ignorant at the time, or which they were prevented from availing themselves of, by accident, or the act of the administrator. Equity has the same power over it that it has over other judgments at Law. For the power of a Court of Chancery over a judgment at Law, and the grounds upon which it will be exercised. See 1 *Hill's Ch. Rep.* 22. 1 *Spear, R.* 277. 1 *Story's Eq.* 178. 6 *John. Ch. R.* 228. 7 *Cranch R.* 332. 1 *Kelly R.* 136. 2 *Kelly,* 279. 3 *Kelly,* 78.

The bill charges that the dismission was fraudulently obtained, with a view to bar the claim of the complainants. "In proof" of which, it proceeds to state that the said Anderson (the defendant) obtained letters of administration on the 5th of May, 1845, and was dismissed on the 6th July, 1846." These are all the allegations against the judgment of the Court of Ordinary. Whatever they amount to, they are to be taken as true. It is well settled, that a general allegation of fraud, in a bill, amounts to nothing—it is necessary that the complainant show, by specifications, wherein the fraud consists. Issuable facts must be charged. The demurrer confesses only what is well pleaded. The general allegation that this judgment was fraudulently obtained, to bar the complainant's claim, is bad pleading, and the demur-

rer therefore does not confess that. *Story's Eq. Pl.* §§ 28, 251, 428. *Coop. Eq. Pl.* 98. *Mitf Eq. Pl. by Jeremy*, 94. 1 · *Sch. & Lefr.* 386. 1 *Ib.* 355, 374, 375. 1 *Brow. Ch. R.* 94. 6 *Johns. R.* 565.

The general allegation covers no other ground than that covered by the facts specified. It is limited by them. They are confessed by the demurrer. What are they? What are the grounds of fraud charged in this Bill against the judgment? The complainant charges that it was fraudulently obtained, for the reason that the administrator was appointed on the 5th May, 1845, and dismissed on 6th July, 1846. In these two facts then, the fraud consists. They may be true, and yet the administrator be wholly guiltless of fraud. They are consistent with perfect honesty on his part. Between the time of his appointment and discharge, there was space for a full settlement of the estate. For aught that this Court can know, it was easily settled. The law limits no time within which he shall not make his application for dismission. He is entitled to it, whenever, having made the application in legal form, he can show to the satisfaction of the Court of Ordinary, that he has fully executed the trust. Conceding then that these facts are true, they prove no fraud in procuring the discharge.

In favor of the policy of this Statute it may be well said, that there ought to be a limit as to time, of the onerous responsibility of executors and administrators. There certainly ought to be a release, upon which they, and their estates and representatives, may repose in confidence and security. These are trusts which somebody must assume. They are not desirable to any prudent and honest man. They require ability, vigilance and integrity. But few unprofessional men, come out of the administration of a large estate, without injury. It is not the policy of the country to increase generally, the difficulties in the way of an early and final discharge. Of this I am fully convinced. The effect of a repeal of the Act of 1810, would be, to increase the chances of throwing the administration of estates into the hands of incompetent or dishonest men, and thus, instead of maintaining the rights of creditors, heirs and distributees, they would be subjected to increased hazards. At the same time, the operation of the Act, as we have now construed it, and as it has been generally construed by the Circuit Bench, is to endanger, to say the least of it,

the rights of minors, situated as are the complainants in this Bill.
It operates hardly upon them.    They may not at the time of the
discharge, have been represented by a guardian.    The presump-
tion is that they were not, for they appear in this Court by *Pro-
chein Amy.*    It is true, that the law supposes them capable of no-
tice and of appearance, and gives them the right of resisting the
dismission ; yet the supposition in law may be altogether with-
out foundation in fact.    They may have had no notice, no day
in Court; and if notified, may have been friendless or ignorant
of their rights.    It is true, too, that the Statute makes the Court
of Ordinary the guardian and protector of their rights ; yet
when we look to the organization of that Court, and to the man-
ner in which business is frequently conducted there, we are con-
strained to admit, that that fact is no sufficient protection.
We are all of opinion that the Act of 1810 ought to be modified,
so as more perfectly to protect the rights of minors.    The case
before us, in no ambiguous voice, calls for legislative interfer-
ance.

Let the judgment of the Court below be affirmed.