ANDREWS *v.* THE ATLANTA REAL ESTATE COMPANY.

Where the vendees in a deed of conveyance, founded upon a valuable consideration paid by them, were described as trustees, no trust being declared and no beneficiary named, the word "trustees" is mere surplusage, and the vendees took the title for their own use, free from any trust whatsoever.

July 17, 1893.

Petition for injunction. Before Judge MARSHALL J. CLARKE. Fulton county. June 8, 1893.

The object of the petition was, to restrain the defendant corporation from transferring negotiable notes given by plaintiff for the purchase price of land, it being admitted that the corporation is insolvent if its title to this and other land held by it is not good, plaintiff holding its bond for title and fearing it could not make him a good title on his compliance with the bond. The prayer for injunction was denied. For the other facts see the opinion.

N. J. & T. A. HAMMOND, for plaintiff.

J. L. HOPKINS & SON, for defendant.

BLECKLEY, Chief Justice.

The deed to be construed purports on its face to have been made by Henry B. Plant and Margaret J. Plant, his wife, parties of the first part, in consideration of the

sum of $102,625.70 to them in hand paid by William T. Walters, the same Henry B. Plant, and Benjamin F. Newcomer, trustees, parties of the second part. It purports to have been signed, sealed and delivered by the two persons named as parties of the first part. The receipt of the consideration is acknowledged on the face of the deed. The property is conveyed to the persons mentioned as parties of the second part, the simple word "trustees" being added to their names, to have and to hold unto them and their successors and assigns, to their only proper use forever, and "the said parties of the first part for themselves, their heirs, executors and administrators, the said tracts or parcels of land with the appurtenances, unto them the said parties of the second part and their successors and assigns, against themselves the said parties of the first part, and against all persons claiming under them, shall and will warrant and forever defend by virtue of these presents." There is no declaration of any trust, and no suggestion of any trust except the bare use of the word "trustees" after the names of the parties of the second part, and the omission of any mention of their heirs, executors and administrators, and in place thereof the use of the words "their successors and assigns." As Henry B. Plant, one of the vendors, is also named as a vendee and is one of the declared usees, the question is whether there is an implied trust in favor of the other vendor, Mrs. Plant, or in favor of some unnamed person or persons. The code, §2316 (4), provides: "Where a trust is expressly created, but no uses are declared, or are ineffectually declared, or extend only to a part of the estate, or fail from any cause, a resulting trust is implied for the benefit of the grantor or testator or his heirs." Here no trust is expressly created. The premises are not conveyed in trust expressly, but the vendees are only described by the word trustees. The conveyance

is not even made to them as trustees. Besides, as Mrs. Plant, according to the face of the deed, has been paid for the conveyance, her husband both joining with his co-vendees in paying the money and with her in receiving it, what ground is there for any conjecture that a trust for her benefit was intended, more especially, as her husband was included amongst the declared usees of the deed and she was not? We think the conveyance does not by its own terms fall within the third paragraph of the same section of the code, that paragraph being in these words: "Where from the nature of the transaction it is manifest that it was the intention of the parties that the person taking the legal title should have no beneficial interest," trusts are implied. No transaction is brought in sight by this deed which indicates in the slightest degree an intention that the persons taking the legal title should have no beneficial interest. On the contrary, the transaction purports to be a sale for value to the vendees, and the deed itself declares expressly that the property is to be held for their use and the use of their successors and assigns. The word successors in this deed could well be construed as the equivalent of the word heirs, but it is not necessary to ascribe to it this meaning, for, as is well known, the use of the word heirs is wholly unnecessary in the conveyance of realty situate in this State, the statute declaring that if a less estate is not expressed, any conveyance whatever passes an estate in fee simple. Code, §2248. The result is, that while we may conjecture from the use of the word "trustees," and the phraseology "their successors and assigns," that beneficiaries other than the vendees themselves may possibly have been in contemplation, for otherwise why the vendees were described as trustees is not easily accounted for without looking outside of the deed, yet this bare possibility furnishes no legal ground for disregarding the

use expressly declared in the deed and for holding that
the vendees were not the beneficiaries, and the sole
beneficiaries, in whose behalf the conveyance was made.
The better and safer construction is to hold that the
word trustees, wherever it occurs in the deed, is mere
surplusage and ought to be rejected in reading the con-
veyance and adjudicating on its legal effect. With this
word rejected, there could be no doubt that the parties
of the second part acquired the equitable as well as the
legal title to the premises, as against any theory of im-
plied trust.

Having ascertained that no trust can be arrived at by
mere construction of the deed itself, it remains to be
considered whether any such result can be reached by
means of the extrinsic facts brought to light in the
record. Before the execution of the deed, the property
conveyed belonged exclusively to Mr. Plant, Mrs. Plant
having no proprietary interest in it whatever. His
ownership was derived by purchase from a third person,
and was not derived from or through his wife by mar-
riage or otherwise. This being so, it was wholly un-
necessary for her to join with him in the conveyance,
or to manifest her consent to it in any manner. It was
not necessary even for the purpose of barring dower.
Code, §§1763, 1764 (5). As she had no title to the prop-
erty, and no interest, legal or beneficial, in it, no ques-
tion as to her capacity to deal with her husband without
the sanction of the proper court arises. And certainly
no trust in her behalf could arise by implication from
the mere fact that she joined with her husband in exe-
cuting the deed, whether the purchase money was in
fact paid to both, as the deed recites, or not. The con-
ceded facts in the record clearly show that no such trust
could possibly have arisen out of the transaction, in be-
half of her or of any one else. The property belonged
to Mr. Plant, and to him alone. His associates, Walters

and Newcomer, by some contract or arrangement with him became interested therein, and all three desiring that a corporation thereafter to be created for their benefit should ultimately be invested with the title, this deed was made as the first step in the execution of the scheme. This accounts for the introduction of the word " trustees " in the deed as descriptive of the parties of the second part. The vendees and the beneficiaries contemplated were thus the same natural persons, and consequently they were seized to their own use as the deed declares. The contemplated corporation was only the formal means by which they expected to realize the use. Had the corporation never been formed, or after its formation had they declined to convey to it, there would have been no breach of trust unless they had induced other persons to become members of the corporation on the faith of this property as corporate assets, in which event the trust element would have been brought. in, not by the deed itself, but by the use made of it in dealing with strangers. It may be added, finally, that, according to the record, the corporation was formed and the title was conveyed to it, though not directly by Plant and his associates, but by Smith, to whom they made an intermediate conveyance to enable him to pass title into the corporation. There can be no well founded doubt that the corporation has an unclouded title, and can convey such to its own vendees.

*Judgment affirmed.*