TOLBERT *v.* CALEDONIAN INSURANCE COMPANY.

Where it is sought to recover damages in consequence of the commission of a fraud, the plaintiff must not only plead and prove the damage, but also the fraud from which such damage results; and a declaration counting upon such a cause of action, which does not allege such facts as would in law amount to a fraud upon the part of the defendant, sets forth no cause of action, and consequently its dismissal upon a general demurrer is not error.

Submitted June 15, — Decided July 10, 1897.

Equitable petition. Before Judge Falligant. Chatham superior court. December term, 1896.

The petition alleges, that plaintiff conferred with Wheaton, a regularly employed solicitor for Davant & Son, agents of the defendant, with the view of procuring insurance against loss by fire upon her dwelling-house and the furniture therein, situate in Savannah. The solicitor suggested the amount of $800, in which she acquiesced; and subsequently, without any written application from her or any agent for her, without any question as to ownership, and without objection from any source, defendant issued to her its policy insuring said property for one year from August 27, 1892, and received from her a premium of $10.80 therefor. She is an uneducated and illiterate negro woman, can neither read nor write, and at the time of the request for insurance, was ignorant of the contents or requirements contained in a policy of insurance, and was under the belief and impression that where the property was owned by a person and the premium was paid for insurance, a policy of insurance delivered to the owner would protect such owner as against loss or damage by fire during the life of such policy. On August 27, 1892, said solicitor left with his principals, the agents of defendant, a memorandum of her request for insurance, containing a statement of the property to be insured, the amount of insurance desired, and her name; which was examined and approved by said agents, and thereupon the policy was written, and was on that day brought to her by said solicitor; a copy of which policy is exhibited. On April 16, 1893, her said premises together with their contents were destroyed by fire, the loss being greater than the amount of

insurance thereon. W. F. Prioleau, an agent and adjuster of defendant, called upon her in regard to said loss, and after treating with her looking toward a settlement of said loss, left. her without making any settlement, and she was delayed by reason of the belief that the loss would be adjusted and her damages paid to her, and heard no more from said adjuster in regard to the loss for about four months. She made frequent visits to the office of defendant's agents, to ascertain information in regard to a settlement, and was invariably informed that the adjuster was away and would be back soon; and becoming weary of said fruitless visits, she procured attorneys to make up and file a proof of loss in accordance with the terms of the policy, such delay being until the fifty-eighth day after the fire occurred. Said proofs were made immediately after she believed that it was useless to treat with the company, and were delivered to defendant's agents as required by the terms of the policy, on June 14, 1893, within sixty days after the loss occurred. Nothing was heard from said proofs of loss until the latter part of September, 1893. Her attorneys then notified defendant, through its said adjuster and agents, that unless said loss was paid she would bring suit upon the policy; to which demand there was no reply, nor was the amount thereof paid. She made the application for insurance in the utmost good faith, gave to defendant all the information that it required regarding the property, and did not conceal any material fact regarding the property or the risk, or fraudulently fail to communicate any fact which in her knowledge was material to the risk. The policy was delivered to her without any information as to its contents; it was not read to her, and none of the conditions or stipulations that it contained were communicated to her by any agent of defendant; and since the loss by fire and the refusal of defendant to pay the policy she for the first time learned what were the conditions therein. On receiving and accepting the same, on account of her ignorance and illiteracy, she believed it to be granted by the company for protection to her in the payment of damages to the extent of the amount stated in it, in the event of loss by fire; she placed her confidence in said solicitor and in the defendant

that it would in good faith pay the loss; and it was an honest mistake on her part as to the effect of the conditions contained in the policy. The attempt on the part of defendant to shield itself under the conditions and limitations of the policy operates as a gross injustice to her, and gives defendant an unconscientious advantage over her. In view of the circumstances surrounding the case, the defendant's refusal to pay is fraudulent, and the objections are fraudulently raised by it in order to defeat her just and legal claim for damages under the policy. Any and all facts concerning the risk, necessary to be known to defendant before issuing the policy, would have been readily communicated by her had she been interrogated regarding them; and had she known the materiality of any existing fact, she would have made it known without the necessity for interrogation; but as she was absolutely ignorant of any requirement of a policy of insurance or the materiality of any fact affecting a risk, she merely communicated her desire for insurance upon her dwelling and the furniture and personal property therein contained, and this without any question on behalf of the defendant or any agent or servant. In view of the fact that the policy contained a cancellation clause which would enable defendant at any time to cancel the same, and of the further fact that it did make inquiry regarding the risk, as appears by the entry on the memorandum before recited, it ought in equity and good conscience to be estopped from denying any liability under the policy by reason of the existence of any material fact which could have been ascertained at any time upon inquiry of even a casual nature. She was misled into accepting the policy, by reason of the mistake, concealment and fraud of defendant, and has thereby suffered loss and damage in the sum of $800, and $250 attorney's fees by reason of such fraud and bad faith on the part of defendant. She brought suit upon the policy to the November term, 1893, of the city court of Savannah; a trial of said action was had at the May term, 1894, of said court, and on the 10th day of that month she dismissed the same to renew it in equity in this (the superior) court; the city court having limited jurisdiction, and the defenses as set up by defendant

requiring an equitable action to enable her to obtain her rights and to have her wrongs redressed.   She prays, that judgment be rendered against defendant for the amount of the policy, with damages and attorney's fees incurred by her, by reason of the bad faith of defendant in refusing to pay the loss; that judgment be rendered against defendant for $800 with interest thereon and $250 attorney's fees incurred by her, by reason of the concealment, mistake and fraud of defendant, causing her said loss and damage; and for general relief, etc.   By amendment she alleges, that defendant gave the policy to her without notifying her of its terms, suffering her to believe that the property was fully insured; and by reason of the concealment on part of defendant, its agents and servants, she was lulled into the belief that she was secure against loss in the event of fire, and prevented from obtaining other and valid insurance; and by such fraud she has been damaged to the extent of $880.

The petition was filed on October 22, 1894.   The grounds of the demurrer were, that one of the conditions of the policy attached to the petition bars any suit or action thereon, which is commenced after twelve months beyond the fire; that the petition does not state what was the mistake as to certain conditions of the policy from which she desires relief, or what were the conditions as to which she was ignorant or mistaken, nor what are the conditions and limitations under which defendant is endeavoring to shield itself; and that the petition sets forth no cause of action.

*Saussy & Saussy,* for plaintiff.
*Denmark, Adams & Freeman,* for defendant.

LITTLE, J.   The court below treated the petition as a suit on a policy of fire-insurance, and sustained a demurrer filed by the defendant, on the grounds, that by the terms of the contract attached to the petition no action could be maintained unless commenced within twelve months next after the fire occurred, and because the petition set out no cause of action. The plaintiff in error insists that the court below misunderstood the nature of the case presented in the petition, and avers it to be an action seeking to recover damages from the defendant

for fraud perpetrated upon the plaintiff in issuing to her a policy of fire-insurance and receiving premium therefor, when the policy was absolutely void in the hands of the plaintiff as an indemnity for a loss by fire. Without this assurance on the part of the plaintiff we would probably have put the same construction on the petition. Taking the construction, however, placed upon it by the plaintiff, we are to enquire whether the demurrer filed is good on the ground that it fails to set forth a cause of action, as ruled by the court below. The charge against the defendant is, that it issued to the plaintiff a policy of fire-insurance which contained certain limitations and conditions that in fact rendered the same void to accomplish the purpose of insurance as to her property; that she is uneducated and illiterate; that she was ignorant of the requirements contained in the policy of insurance, was under a belief that, where property was owned by a person and the premium paid, a policy would protect the owner during its existence against loss to the amount stipulated; that it was delivered to her without any information as to its contents; that it was not read to her and none of the conditions or stipulations were communicated; that since her loss by fire and the refusal of the defendant to pay, she first learned what were the conditions of the policy; and that the attempt of the defendant to shield itself under the conditions and limitations of the policy operates as an injustice to her and gives the defendant an unconscientious advantage over her; that she would readily have communicated any and all facts concerning the risk had she been interrogated in reference to the same, etc.

It seems that the naked proposition for which the plaintiff contends is, that having paid the premium for a policy insuring her house, it is a fraud on her, having sustained a loss, not to pay it, because certain conditions are incorporated in her contract of which she was ignorant. It is not insisted, as we understand, that the defendants were the cause of her belief that there were no conditions in the contract, or that they or their agents misrepresented such conditions or prevented her from ascertaining the same, but that they did not communicate the same to her. We confess to an inability to de-

termine that the issuance of this policy was fraudulent on account of certain conditions, without some information at least as to what were those conditions.    No particular stipulation or condition is attacked for fraud, and none set out specifically which would under the contract void it as to her.    In what does the fraud consist?    The plaintiff replies that certain conditions were placed in the contract which rendered it void, of which she had no knowledge.    How did they render it void? For aught we know (except for the general allegation that certain conditions rendered it so) the policy was a good one, and it would be held so until specific allegations of particular conditions therein which render it nugatory are distinctly made, and the fact of the invalidity of the contract by reason of the condition would be one of the matters to be adjudicated precedent to the enquiry as to the fraud; for if a stipulation not affecting her right to recover nor voiding the contract *was* inserted fraudulently, it affords no ground of complaint.    The law deals only with matters of substance ; and before the enquiry could progress, it must at least be shown that the contract as she understood it had been so substantially affected as to jeopardize or destroy her rights.    She could not recover at all or anywhere on the general allegation of fraud which deprived her of her rights, but only by setting out the fraud, and showing *how* it damaged her.

"In pleading fraud and duress, specific facts must be stated with due certainty; and where the execution of a deed is the result, the facts must be such as will avoid the deed."    *Carswell* v. *Hartridge*, 55 *Ga.* 412.    The facts constituting the fraud must be stated.    Bliss, Code Pleading, § 211.    The use of epithets however bountifully multiplied will not supply the place of facts.    72 Ind. 137.    Pleadings must state facts and not legal conclusions, and fraud is never sufficiently pleaded except by the statements of the facts upon which the charge is based.    43 Iowa, 619.

Facts constituting an alleged fraud should be full and explicit—plea should state facts, not conclusions.    *Napier* v. *Bank*, 68 *Ga.* 637.    The complainant should state specific facts, that the court may be enabled to judge whether the same constitute fraud.    Story's Eq. Pl. 211.

The principle of these authorities we consider applicable here; that is, that specific acts of fraud must be stated, and that general charges are not sufficient; and it will control the case against the plaintiff in error. The general charge is, that the insertion of conditions which voided the policy and worked to her injury constituted the fraud. Specific conditions are required to show the fraud which works a forfeiture of the policy. We have examined with care the views of the learned counsel for the plaintiff in error, submitted in his brief, but have failed to arrive at a conclusion in harmony with his views.

If the petition seeks a recovery on the policy, it bears grounds of successful defense on its face; it is barred by its terms. If it seeks alone to recover on the ground of the acts of the defendant by inserting conditions in the contract unknown to her, it fails to set out specifically the conditions which work her injury and establish the fraud. In either case the demurrer was properly sustained.

*Judgment affirmed. All the Justices concurring.*