## BRENNER v. WRIGHT, executor.

RUSSELL, Chief Justice. 1. Where the vendee in a deed of conveyance founded upon a valuable consideration was described as "Alexander P. Wright, trustee," no trust being declared and no beneficiary being named, the word "trustee" is mere surplusage, and the vendee took the title for his own use. *Andrews* v. *Atlanta Real Estate Co.*, 92 *Ga.* 260 (18 S. E. 548).

2. The recital in the transfer on the bond for title in this case, executed by the obligee therein, "For value received," imported payment by the transferee to the transferor of a valuable consideration for the interest of the transferor in the property described in the bond for title.

3. The deed made by the obligor in the bond for title to the transferee of the obligee, reciting as the consideration for such deed the amount stated in the bond for title as the purchase-price of the land agreed to be conveyed, prima facie showed payment by such transferee of the amount remaining due to the obligor at the time of the transfer of the bond for title.

4. When considered in connection with the entire charge of the court, the excerpt therefrom of which complaint is made in the first special ground of the motion for new trial was not harmful to the plaintiff for any reason assigned.

5. A ruling on the assignment of error predicated on the failure of the court to have effectually concealed from the jury the verdict returned on a former trial of this case is unnecessary, as this alleged error is unlikely to occur on another trial.

6. "Where the charge of the court upon a given subject is made in response to a written request setting forth the instruction desired, and is as comprehensive upon the subject as the instruction set forth in the request, the party at whose instance the charge was given can not complain that it was not full enough." *Southern Ry. Co.* v. *Coursey*, 115 *Ga.* 602 (3) (41 S. E. 1013). Accordingly, in the instant case, where the court, at the request of counsel for the plaintiff, charged the jury that "Before you would be authorized to find a resulting trust, you must find that there is evidence showing facts and circumstances existing at the time the title was put in Alexander P. Wright from which such a trust might be reasonably and fairly inferred, and the evidence must establish all of the essential elements necessary to create a resulting trust, without leaving anything to mere conjecture or to remote inferences," the plaintiff can not complain that the court should also have instructed the jury, "that, before they would be authorized to find a resulting trust in favor of the defendant's testatrix, the evidence showing such a trust must be clear and satisfactory."

7. The plaintiff having shown the legal title to the property in controversy to have been in her husband at the time of his death, and no evidence being adduced showing payment of the purchase-money by the testatrix of the defendant, the verdict returned by the jury in favor of the defendant "upon a resulting trust" was contrary to law, because without evidence to support it. The court erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concur, except Bell and Hutcheson, JJ., who dissent.*

No. 11952. November 9, 1937. Adhered to on rehearing, December 16, 1937.

*Watkins, Grant & Watkins,* for plaintiff.
*Earle Norman* and *Smith, Smith & Bloodworth,* for defendant.