## HUTCHINSON v. KING.

No. 13692.  June 16, 1941.

*Fleming & Fleming,* for plaintiff.

*Hammond, Kennedy & Yow,* for defendant.

Jenkins, Justice.  1.  Although it is the statutory rule that "a deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved, at the instance of the parties, by parol evidence to be a mortgage only, unless fraud in its procurement shall be the issue to be tried" (Code, § 67-104; *Brown* v. *Carmichael,* 149 *Ga.* 548 (2), 101 S. E. 124; *Berry* v. *Royal,* 152 *Ga.* 425, 427, 110 S. E. 167), and this rule applies where it is sought "to show by parol that [a] deed absolute in form was in fact a deed to secure a debt" (*Wilkes* v. *Carter,* 149 *Ga.* 240 (2), 99 S. E. 860, and cit.), it is nevertheless true that the above-stated restriction does not apply where the deed, though absolute in form, was not accompanied by possession on the part of the grantee. *Askew* v. *Thompson,* 129 *Ga.* 325 (58 S. E. 854) ; *Mercer* v. *Morgan,* 136 *Ga.* 632 (71 S. E. 775) ; *Blankenship* v. *Cochran,* 151 *Ga.* 581 (107 S. E. 770), and cit.; *Simpson* v. *Ray,* 180 *Ga.* 395 (178 S. E. 726) ; 19 R. C. L. 248-251, 261.

(*a*) Where an instrument in the form of an absolute warranty deed contains a provision that the grantor "shall, if she desires, occupy said premises for and during her natural life as her home, but in all events the title to said property passes herewith absolutely," and the petition of the grantor, seeking in effect a cancellation or reformation of the deed into a security deed, alleges that the defendant grantee paid to the grantor a certain amount as a "balance of rent," and is obligated to pay over to her "any and all sums received  .  .  as rentals during the lifetime of plaintiff," the petition will be construed as showing that the plaintiff grantor remained in possession, since any possession by the grantee or other tenant would be the possession of the grantor by virtue of the payment and obligation to pay rents to the grantor.  Accordingly, the plaintiff would be entitled to show, under proper averments and proof, that the instrument was in fact given only to secure an indebtedness.

(*b*) But even though the effect of the instrument could be thus changed by parol evidence from an absolute to a security deed, and the legal test as to its nature would be the intention of the parties at the time of its execution, a mere intention unmanifested in any sort of agreement or act, and especially an undisclosed intention only on the part of the grantor, would not effect such a change in the instrument. See 41 C. J. 314, 328, §§ 64, 94, and cit. As to the intention of the parties, the present petition alleges merely that "the document was not intended to be a final sale of the property, but was intended to be a security deed for the repayment" of certain money; that the plaintiff "never intended to part with property worth $2,000 for the nominal sum of $300 cash;" that "the said document was the result of a mistake;" and that "plaintiff had no husband to advise with her," on account of his previous death. These allegations, amounting to no more than a conclusion of law as to the intention of the parties, fail to show any agreement or fact as to a defeasance or return of the property, or as to the holding of title merely as security, such as would authorize the plaintiff to cancellation or reformation of the instrument.

2. "An honest mistake of the law as to the effect of an instrument on the part of both contracting parties, when such mistake operates as a gross injustice to one, and gives an unconscionable advantage to the other, may be relieved in equity." Code, § 37-204. The averments quoted, so far as relating to a "mistake," even if they had stated facts, would not fall within this principle, in the absence of any allegation that the mistake was mutual.

3. "Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." Code, § 37-710. But "inadequacy of price is no ground for rescission of a contract of sale, unless it is so gross as combined with other circumstances to amount to a fraud." § 96-105. "Mere ignorance of the law on the part of the party himself, where the facts are all known, and there is no misplaced confidence, and no artifice or deception or fraudulent practice is used by the other party either to induce the mistake of law or to prevent its correction, shall not authorize the intervention of equity." § 37-209. "It is well settled that a person executing an instrument is not defrauded because he failed to read or understand it." *Manget Realty Co.* v. *Carolina Realty Co.*, 169 *Ga.* 495, 504 (150 S. E. 828), and cit.

(*a*) As to fraud or deceit, the petition makes no such express charge. There is no allegation that the defendant prevented the plaintiff from reading the instrument, or that she did not actually read it. The only averments which might be taken as relating to fraud are: that the plaintiff never received any of the $300 consideration expressed in the deed; that this amount was only a "nominal sum" for the property, which had the value of $2000, and was assessed at $1200; and that "the signing of said deed by plaintiff was done when she was almost crazy with grief over the recent death of her son, for whose burial she was in need of funds," and whose funeral expenses the defendant paid. The statement that plaintiff did not receive any consideration is contradicted by averments that the deed "was intended as a security deed for the repayment" of sums advanced by the defendant in connection with the death of her son, and that the defendant paid certain stated amounts for that purpose as well as a paving assessment of $149.53.

(*b*) As to the adequacy of the consideration, in alleging the value of the premises no reference was made to the above-quoted clause in the deed, reserving to plaintiff the right to "occupy said premises for and during her natural life as her home," and the value of such title or right. The mere statement that the plaintiff was "almost crazy with grief over the recent death of her son" shows neither a mental incapacity to execute the instrument nor a "great disparity of mental ability" between the parties, such as, under the Code, would authorize the interference of equity on account of a "great inadequacy of consideration," even if a "great inadequacy" had been sufficiently alleged.

4. Under the preceding holdings, the court properly dismissed the action on general demurrer, although the sustaining of only the special grounds without opportunity to amend would not have authorized a dismissal.

5. No ground of equitable jurisdiction appears in the allegations with reference to the clause reserving to the plaintiff grantor the right to occupy the premises during her life, and the alleged consequent liability of the grantee for taxes, repairs, and rents, with the prayer that, if other relief be refused, the court decree that the defendant is "liable and responsible for these amounts," since there is no authority in equity to grant such a declaratory

judgment or decree or such relief independently of recognized equitable rights and remedies.

Judgment affirmed. All the Justices concur.