RUSTIN *v.* BUTLER *et al.*

No. 14415. FEBRUARY 9, 1943.

390

*C. L. Cowart,* for plaintiff in error. *Donald H. Fraser,* contra.

JENKINS, Justice. The Code, § 85-902, provides: "Conditions may be either precedent or subsequent. The former require performance before the estate shall vest; the latter may cause a forfeiture of a vested estate. The law inclines to construe conditions to be subsequent rather than precedent, and to be remediable by damages rather than by forfeiture." *Johnson* v. *Hobbs,* 149 *Ga.* 587 (101 S. E. 583). In this case, however, the remedy by forfeiture is plainly expressed; the only question being whether a condition subsequent imposing the forfeiture is contained in the deed. We think that the intention of the grantor, as gathered from the language of the instrument, must necessarily be taken to be that the voluntary conveyance was not only conditioned upon the grantees' "building a schoolhouse," but that the conveyance also expressly limited the use of the land and thereby passed title only "for school purposes." This appears to be true, because im-

mediately after the language that the land is conveyed "for the purpose of building a schoolhouse on the same" follow the additional words, "and should the same not be used for school purposes, the title thereto is to revert back." Without the latter clause, it might be more plausibly contended, that, since the dedication of the property was to build a schoolhouse, upon such a building being erected the only condition prescribed was complied with, and the title thereupon became absolute; that if the grantor had desired further assurance of the purpose or continued purpose for which the land might be used, other than the condition specified, he should have so provided by the terms of his conveyance. But even on such a proposition, there seems to be contrary authority. See 7 R. C. L. 949 (25); 23 R. C. L. 1101 (note 18); 8 R. C. L. 915 (41); 35 L. R. A. (N. S.) 603, note. To avoid any such question seems to be just what the grantor guarded against by the language immediately following the stated purpose of the grant. Not only did he require as a condition to the grant that a schoolhouse should be erected, but, in expressly providing for a forfeiture, wrote into the instrument that a forfeiture would result "should the same not be used for school purposes." It has been held, that, even without an express forfeiture clause in a conveyance for certain named purposes only and for the time that it might be so used, the property would revert upon the termination of such specified use. *Lawson* v. *Georgia So. & Fla. Ry. Co.,* 142 *Ga.* 14 (82 S. E. 233). See *Kennedy* v. *Kennedy,* 183 *Ga.* 432 (2) (188 S. E. 722, 109 A. L. R. 1143). A fortiori, where the use is not only restricted, but an express forfeiture is contained in the grant. *Irby* v. *Smith,* 147 *Ga.* 329 (93 S. E. 877). As was said in *Jones* v. *Williams,* 132 *Ga.* 782, 785 (64 S. E. 1081), "No precise technical words are required to create a condition subsequent, and the construction must always be founded upon the intention of the parties as disclosed in the conveyance." It seems to us, that, in construing the deed now under consideration, the intention of the grantor as interpreted by the natural meaning of the language used in his deed is that the property was conveyed for school purposes, and that, should its use be converted to any other and different purpose, then the title would revert. To restrict the meaning of the language used, as contended for by the grantees, so that a forfeiture would be avoided, even though the premises had ceased to be

used for school purposes, merely because they had *once* been so used would seem to us a strained and unnatural interpretation. While it is true that the deed does not say that the land shall revert if it should *cease* to be used for school purposes, neither does it say that it shall revert unless at some time it should have been so used, and it does say that it shall revert should the same not be so used. When the trustees took over the property and built the schoolhouse thereon, that in itself would amount to an appropriation of the land for school purposes; and if such initial action were sufficient to vest the absolute title, what additional purpose would be served by the added words, "and should the same not be used for school purposes, the title thereto is to revert"? In the construction of statutes, "the present or past tense shall include the future." Code, § 102-102 (2). Without giving strict and mandatory application of this rule in the construction of a deed, yet, since it is true in either case that the purpose is to arrive at the true meaning and intent of the language used, the Code section cited can properly be considered as illustrative of what constitutes the true intent and purpose of the instrument. When the grantor put into the deed the condition that "should the same not be used for school purposes," the title was to revert, did he only mean, and did he in effect only say, that should the land not be commenced to be so used within a reasonable time, the title would revert; or did he, after providing that it was deeded "for the purpose of building a schoolhouse," affix the *additional* stipulation that should the same not be used for school purposes, the title would revert? Are we authorized to limit the time within which such a breach might occur, by adding language for that purpose which the grantor did not use? If a breach occurs when it ceases to be so used——and that is what the instrument says, such language makes the condition subsequent a continuing one; and the fact that the breach did not occur to begin with does not nullify its existence or its continued force and effect. While the deed could have been expressed in language more aptly stated, we think that the expressed intention of the grantor is reasonably clear and plain, especially in view of the rule of interpretation given by the Code, § 85-902, first above quoted, and that the express forfeiture prescribed by the condition subsequent should be given effect.

*Judgment reversed. All the Justices concur.*