DANIELSVILLE & COMER TELEPHONE COMPANY *v.* SANDERS *et al.*

CANDLER, Justice. Danielsville & Comer Telephone Company brought a suit against Ralph Sanders, in the Superior Court of Madison County, Georgia, for damages and, based upon allegations of irreparable injury, to enjoin the defendant from removing stakes and otherwise interfering with the plaintiff's agents in surveying and building a telephone line upon a described strip of land along a specified highway in Madison County. The defendant and his mother, Mrs. H. T. Sanders, had previously given to the State Highway Board of Georgia an instrument embracing the land in question and subsequently, but before the institution of this suit, the State Highway Board of Georgia had executed and delivered to the plaintiff a permit to place its poles and equipment thereon for a telephone line. Mrs. Sanders was also made a party defendant. In their answer, and on a hearing had pursuant to a rule nisi, the defendants averred and contended that the instrument made by them to the State Highway Board conveyed only an easement for right-of-way purposes; that the defendants had never consented for the land described in the instrument to be used for any other purpose; that the permit as granted by the State Highway Board for the telephone line, if allowed to stand, would result in the abandonment of the right of way previously granted to the State Highway Board of Georgia; that, since the year 1938, and with the consent of the State Highway Board, the defendant Ralph Sanders had been annually cultivating the land in question up to the roadway embankment; and that the plaintiff's agents and employees, in the construction of its telephone line, had also wrongfully entered upon other lands which the defendants own and to which the plaintiff has no right or title.

The plaintiff introduced oral and documentary evidence on the interlocutory hearing, which tended to show repeated acts of interference by the defendant Ralph Sanders with the plaintiff's agents and employees in the manner and way charged in the amended petition. As documentary evidence, the plaintiff offered and the court allowed in

evidence the instrument which the defendants had admittedly given to the State Highway Board of Georgia on November 30, 1938; and also a recorded instrument from the State Highway Board of Georgia to Danielsville & Comer Telephone Company, dated September 28, 1950, permitting it to place its poles and equipment for a telephone line on a portion of the land described in the instrument of November 30, 1938.

At the conclusion of the hearing, the judge denied a temporary injunction. The plaintiff excepted to that judgment and sued out a writ of error. Among other reasons, it is alleged in the bill of exceptions that the judgment complained of is erroneous because the trial judge, in refusing to grant a temporary injunction, held, in effect, that the easement granted by the State Highway Board of Georgia to the plaintiff is without effect, vesting no rights in the plaintiff to use the land in question for telephone purposes. *Held*:

1. "The grant or refusal of an interlocutory injunction rests in the sound legal discretion of the trial judge, according to the circumstances of each case (Code, § 55-108); and where the evidence is conflicting, his discretion will not be controlled, unless it is apparent that he has abused it. *Jones* v. *Lanier Development Co.*, 188 *Ga.* 141, 145 (1) (2 S. E. 2d, 923) and cit. But the rule that the Supreme Court will not interfere with the discretion of the trial judge in granting or refusing an interlocutory injunction where the evidence is conflicting does not apply when the question to be decided by him is one of law. *Washington National Ins. Co.* v. *Mayor &c. of Savannah*, 196 *Ga.* 126 (26 S. E. 2d, 359)." *Sirota* v. *Kay Homes*, 208 *Ga.* 113 (65 S. E. 2d, 597).

2. In determining whether an instrument grants an easement in or conveys title to the land embraced therein, the crucial test is the intention of the parties, and the whole instrument must be looked to, and recitals in the instrument, subject matter, object, purpose, and nature of restrictions or limitations, if any, or the absence of such, and attendant facts and circumstances of the parties at the time of making the instrument are all to be considered. Code, § 29-109; *Jackson* v. *Rogers*, 205 *Ga.* 581 (54 S. E. 2d, 132), and cit.

3. In the instant case, the controlling question is whether the instrument from the defendants to the State Highway Board of Georgia conveys a mere easement in or title to the land therein described. The instrument—omitting those portions not material to a determination of its character—is captioned "Georgia, Madison County," names the grantors and the grantee, identifies the grantors as the owners of a tract of land in Madison County through which a State-aid road has been laid out as a part of the State Aid Road System of Georgia, and recites: "Now, therefore, in consideration of the benefit to my property by the construction and maintenance of said road, and in consideration of One Dollar ($1.00) to be paid by said county, I do hereby grant, bargain, sell and convey to said Highway Board of Georgia, and their successor in office, so much land as to make a right of way for said road, as surveyed and as shown on said map, 100 feet wide, or as shown by description below, hereby selling and conveying enough of my land to make said right of way said width through my land; said land being known as the_____place in the_____district of

said county, and on said Highway known as the Danielsville-Comer Public Road. The land herein conveyed is further described as follows: All that portion of land belonging to the undersigned, which lies within the right of way lines as shown on the plans of Federal (State) Aid Project No. 1102 which plans are on file in the office of the State Highway Board of Georgia, Atlanta, Ga. . . The right of way begins and ends where the said highway location enters and leaves my property and is bounded by my property lines as already established as above indicated and total approximately . . lineal feet or . . acres. Conditions and reservations. In case the right of way is abandoned as a highway location, same shall revert to the property from which it is taken. . . To have and to hold the said conveyed premises in fee simple. I hereby warrant that I have the right to sell and convey said land and bind myself, my heirs, executors and administrators forever to defend by virtue of these presents."

The rules for construing instruments of this character are exhaustively stated in *Jackson* v. *Rogers*, supra, and the cases there cited. It would be wholly repetitious to repeat them here. Adhering to and applying those rules in this case, it inescapably follows that the instrument involved in this litigation conveyed to the grantee a fee-simple title in and to the described land, on condition that it would revert if abandoned for public highway purposes, and not a mere easement for right-of-way uses, as the defendants contend.

4. In view of the preceding rulings, the plaintiff, as the holder of a permit from the State Highway Board of Georgia, allowing it to place its telephone poles and equipment on the strip of land here involved, was entitled, without interference, to enter thereon through its agents and employees for such purpose; and the evidence showing repeated acts of wrongful interference by the defendants, it was error for the trial judge to deny injunctive relief. Code, § 55-104; *Martin* v. *Pattillo*, 126 *Ga.* 436 (3) (55 S. E. 240); *Durrence* v. *Groover*, 160 *Ga.* 680, 682 (129 S. E. 29).

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.*

No. 17861. SUBMITTED MAY 12, 1952—DECIDED JUNE 9, 1952.

*R. Howard Gordon* and *Rupert A. Brown*, for plaintiff in error.

*Linton S. Johnson* and *Howard B. Payne*, contra.