18628.   FLOYD *et al. v.* CARSWELL.

A<small>RGUED</small> J<small>UNE</small> 15, 16, 1954—D<small>ECIDED</small> S<small>EPTEMBER</small> 14, 1954.

*R. A. Harrison, Jones, Sparks, Benton & Cork,* for plaintiffs in error.

*James D. Shannon, Nelson & Nelson, Carl K. Nelson,* contra.

DUCKWORTH, Chief Justice. ■ The petitioner sought to enjoin the defendant from cutting timber on a 46-acre tract of land shown by all the evidence to be a part of lot 263 in the 24th District of Twiggs County, Georgia, and to recover damages for timber already cut therefrom. The direction of the verdict in favor of the petitioner for the land and injunction is by this writ of error brought under review. The petitioner proved a recorded title beginning with a deed from Land to Hodges in 1872, and ending with a deed from his stepgrandmother to his mother in 1912, and proved that as the only heir he inherited this land from his mother in 1948. The first deed in his chain contained three descriptions, to wit: (1) by metes and bounds, (2) a descriptive name, the James Bryan Place, and (3) lots of land, numbers not known, containing 600 acres, more or less. Substantially the same description is repeated in each subsequent conveyance. Since a description by metes and bounds controls over all other descriptions (*Carswell* v. *Sanders,* 182 *Ga.* 251, 185 S. E. 282), including descriptions by land lot numbers (*White* v. *Spahr,* 207 *Ga.* 10 (4a), 59 S. E. 2d 916), the metes-and-bounds description would control. Plaintiff's extrinsic evidence shows without dispute that the 46 acres is within the boundaries fixed in the deeds as the Carter line, and he also proves that his land is comprised of three land lots, 263, 243, and 242, and known as the James Bryan Place. Plaintiff's evidence was, therefore, sufficient to prove his case.

■ The defendants' first assault upon the plaintiff's case was to prove a chain of deeds leading to the McElrath Company and beginning with a deed from other heirs of R. R. Slappey, Sr., to Will Slappey, dated September 23, 1912, and containing a number of attempted descriptions, to wit: (1) by metes and bounds; (2) the House Lot of the River Plantation, commonly supposed to be an original land lot, and (3) containing 310 acres, more or less. The general description by metes and bounds is fatally defective in that it has no definite starting point, thus making it impossible to locate the starting point by following the deed. But the other descriptions show very definitely an intention to convey the house lot, and that this was an original land

lot and was a part of the River Plantation. This description when aided by extrinsic evidence is valid; and since the undisputed evidence shows the house to be on land lot 270, and the deed shows an intent to convey that original lot, the deed must be construed to convey only lot 270. The manifest intention of the parties must be given effect. Code § 29-109; *Guess* v. *Morgan*, 196 *Ga.* 265, 269 (2) (26 S. E. 2d 424) ; *Stewart* v. *Latimer*, 197 *Ga.* 735, 743 (30 S. E. 2d 633) ; *Mitchell* v. *Spillers*, 203 *Ga.* 565, 568 (47 S. E. 2d 564) ; *Jackson* v. *Rogers*, 205 *Ga.* 581, 586 (54 S. E. 2d 132). Therefore, the defendants' claim of written title in the defendant company fails and constitutes no defense, and ·is no ground for setting aside the directed verdict for the plaintiff.

■ But defendants contend that, by proving possession of a part of the land described in subsequent deeds, which expressly describe the 46-acre tract involved, which possession extended over a period of more than 7 years, the defendant .company acquired title by prescription under Code § 85-407. *Turner* v. *Neisler*, 141 *Ga.* 27 (8) (80 S. E. 461) ; *Elliott* v. *Robinson*, 192 *Ga.* 682 (3) (16 S. E. 2d 433) ; *Elliott* v. *Robinson*, 198 *Ga.* 811 (33 S. E. 2d 95). The insuperable obstacle barring such prescriptive title is Code § 85-404, since the plaintiff's deeds cover the same 46 acres.

But the testimony of the defendants' witness Axom, that the 46 acres here involved was part of the River Place and is not a part of the James Bryan Place contradicts evidence of the plaintiff that it is a part of the James Bryan Place, and thus an issue of fact was made as to which place it belonged to, and we granted a rehearing on this ground alone. But, after further and ·careful study, we find that an issue on this point alone is not enough to reverse the direction of a verdict for the petitioner. His entire chain of title describes one of the boundary lines in the general metes-and-bounds description as Carter lands. Undisputed evidence shows Carter owned lot 262 and the original line was the dividing line between that land and lot 263, and also that lot 263, except the 46 acres, belonged to the plaintiff. If the plaintiff's tract is bounded on the east or south by the Carter land, as the deeds provide—and this is undenied—then this 46 acres is included, else it would be partially bounded on that side

by the River Place or Slappey lands, whereas the deeds show it bounded on two other sides only by the River Place or Slappey lands.

From what has just been said it follows that this uncontradicted evidence demanded the verdict for the petitioner. Therefore, whether or not the photograph which was offered, but rejected, as evidence was admissible, its exclusion was harmless, since the same verdict would have been demanded with it in evidence. The court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*