19287.   MOORE *v.* WELLS *et al.*

ARGUED MARCH 12, 1956—DECIDED JUNE 11, 1956—
REHEARING DENIED JULY 11, 1956.

*Frank M. Gleason,* for plaintiff in error.

*W. A. McClure, Maddox J. Hale,* contra.

HEAD, Justice. ■ Primarily, the rights of the parties in the present case are controlled by the conveyance to the school district. A construction of this conveyance is essential to a determination of the cause. "In the construction of deeds, as well as other contracts, the paramount, essential, and controlling rule is to ascertain the intention of the parties. If that intention is plain from the language of the deed as a whole, and the intention contravenes no rule of law, it should be given effect . . ." *Keith* v. *Chastain,* 157 *Ga.* 1 (1) (121 S. E. 233); *Mayor &c. of Savannah* v. *Barnes,* 148 *Ga.* 317, 319 (96 S. E. 625); *Guess* v. *Morgan,* 196 *Ga.* 265, 269 (26 S. E. 2d 424); *Jackson* v. *Rogers,* 205 *Ga.* 581 (54 S. E. 2d 132); *Danielsville & Comer Telephone Co.* v. *Sanders,* 209 *Ga.* 144 (71 S. E. 2d 226); *Floyd* v. *Carswell,* 211 *Ga.* 36, 40 (83 S. E. 2d 586); Code § 29-109.

"An estate may be granted upon a condition, either express or implied, upon performance or breach of which the estate shall either commence, be enlarged, or be defeated." Code § 85-901. A grantee is bound by the conditions in a deed which he accepts and under which he claims, although the deed has not been signed by him. Code § 29-102; *Lawson* v. *Lewis,* 205 *Ga.* 227 (1) (52 S. E. 2d 859), and citations.

In the act of Congress providing for the conveyance, without consideration, to the New Salem School District, the Secretary of

the Interior was authorized to make the conveyance on such "terms and conditions" as he might deem advisable. U. S. Stat., Vol. 53, part 2, p. 1275. The word "terms" is defined as "propositions, limitations, or provisions, stated or offered, as in contracts, for the acceptance of another and determining the nature and scope of the agreement." Webster's Int. Dictionary, 2d ed., p. 2604.

The terms of the grant made in 1940 to the New Salem School District, pursuant to the act of Congress, impose a limitation upon the estate conveyed. Immediately following the description of the property it is stipulated: "Provided always, that this conveyance is made upon the express condition and *limitation* that the above-described premises shall be *limited to* the retention and use for public school purposes only." (Italics ours.) The words "limitation" and "limited to" are sufficient within themselves to impose a limitation on the existence of the estate conveyed. Apparently, however, in order to eliminate any doubt as to the interest conveyed, the deed further recites that, "upon such cessation of such retention and use [the premises] shall revert to the United States of America its successors or assigns, *without notice, demand or action brought.*" (Italics ours.) By the words "without notice, demand or action brought," the grantor clearly intended a limitation on the estate conveyed, since only by a limitation would the estate revert to the grantor without notice, demand, or action brought.

In *Norris* v. *Milner*, 20 *Ga.* 563, it was said that the action was brought to recover a lot which had been conveyed to the plaintiffs as trustess for a school lot, with the provision "that whenever it should cease to be used for that purpose, the land should revert to the grantors, and the grantees should be authorized to remove such buildings as they might have erected." In the *Norris* case this court said that the interest conveyed was a conditional estate, but in reaching this conclusion the court defined the distinction between a condition and a limitation as follows: "A condition does not defeat the estate, although it be broken, until entry by the grantor or his heirs. And conditions can only be reserved for the benefit of the grantor and his heirs. And this constitutes the distinction between a condition and a limitation. By the latter, the estate is determined when the period of limitation arrives

without entry or claim. And no act is requisite to vest the right in him who has the next expectant interest."

In *Mayor &c. of Macon* v. *East Tennessee &c. Ry. Co.*, 82 *Ga.* 501, 509 (9 S. E. 1127), it was held: "There can be no doubt that if the Macon & Brunswick company accepted the grant on the terms fixed by the city council of Macon (and it could accept on no other), it was with the limitation that the estate acquired was to exist only so long as the property was used for the purposes specified in the act. Such a limitation is distinguished from an ordinary condition subsequent, inasmuch as it marks the limit or boundary beyond which the estate conveyed could not continue to exist." See also *Atlanta Consolidated Street Ry. Co.* v. *Jackson*, 108 *Ga.* 634 (1) (34 S. E. 184); *Lawson* v. *Georgia Southern &c. Ry. Co.*, 142 *Ga.* 14, 17 (82 S. E. 233). In the latter case this court quoted with approval from *Norris* v. *Milner*, supra, the distinction between a limitation and a condition, as follows: "A limitation in a deed determines the estate when the period of limitation arrives, without entry or claim. But a condition does not defeat the estate, although it be broken, until entry of the grantor or his heirs." The court then said: "Where a deed contains a limitation, the estate determines upon the happening of the event upon which it is limited, and, if the limitation is not to another, goes over to the grantor or his heirs by reverter without necessity of re-entry."

The distinction between a condition and a limitation as stated in *Lawson* v. *Georgia Southern &c. Ry. Co.*, supra, is in accord with the general rule. See 31 C. J. S. 30-34, § 20; Thompson on Real Property, vol. 4, pp. 699-704, §§ 2156-2158; Restatement of the Law of Real Property, American Law Institute, vol. 1, p. 55, §§ 23-24; 19 Am. Jur. 530, § 67.

Under the authorities cited, the conveyance to the New Salem School District was of an estate upon a limitation, and the contention that the conveyance created a trust can not be sustained. While educational purposes are proper matters of charity (Code § 108-203), and while no formal words are necessary to create a trust estate, there must be a manifest intention to do so. Code § 108-102; 54 Am. Jur. 64, § 53.

The plaintiff relies strongly on the decisions of this court in *Dominy* v. *Stanley*, 162 *Ga.* 211 (133 S. E. 245); and *Duffee* v.

*Jones,* 208 *Ga.* 639 (68 S. E. 2d 699). In the *Dominy* and *Duffee* cases the conveyances were to trustees, and their successors in office, and the conveyances clearly evidenced the intention of the grantors that the trustees should not hold the property for their own benefit, but that the property should be held by the trustees, and their successors in office, for school purposes.

In the deed to the New Salem School District no trustees are named; no trust is declared; no beneficiaries are named; and the requisites of a trust are not otherwise indicated. In *Andrews* v. *Atlanta Real Estate Co.,* 92 *Ga.* 260 (18 S. E. 548), it was said: "Where the vendees in a deed of conveyance, founded upon a valuable consideration paid by them, were described as trustees, no trust being declared and no beneficiary named, the word 'trustees' is mere surplusage, and the vendees took the title for their own use, free from any trust whatsoever." See also *Brenner* v. *Wright,* 185 *Ga.* 280 (1) (194 S. E. 553).

In *Kennedy* v. *Kennedy,* 183 *Ga.* 432, 439 (188 S. E. 722, 109 A. L. R. 1143), it was said that a grantor "gave the one acre of land to the trustees during the time it was used for school purposes, thus creating a *conditional limitation."* (Italics ours.) In *Rustin* v. *Butler,* 195 *Ga.* 389, 391 (24 S. E. 2d 318), it was said: "Not only did he [the grantor] require as a condition to the grant that a schoolhouse should be erected, but, in expressly providing for a forfeiture, wrote into the instrument that a forfeiture would result 'should the same not be used for school purposes.' It has been held, that, even without an express forfeiture clause in a conveyance for certain named purposes only and for the time that it might be so used, the property would revert upon the termination of such specified use."

Allegations of the petition to the effect that residents of the New Salem School District started the construction of a schoolhouse, subsequently to the execution and delivery of the grant to the school district, are insufficient to change the character of the conveyance. An express trust can not be engrafted upon a deed by parol (*Beecher* v. *Carter,* 189 *Ga.* 234, 241, 5 S. E. 2d 648), and proof that lands are being put to the uses limited by the grant will not extend the limitation therein expressed. *Rustin* v. *Butler,* supra.

In count three of the petition it is alleged that, because the

deed from the County Board of Education was procured by fraud, both deeds should be canceled and set aside. In this count the allegations of count one are adopted by reference. In paragraph 14 of count one it is alleged that the conveyance by the board of education to the Haygoods "is a part of a fraudulent scheme and plan whereby Dade County School District and the New Salem School District have been induced by fraudulent representations made by Roy Moore, the County School Superintendent, and by virtue of his office, the Secretary of the Dade County Board of Education, to attempt to part with the title of valuable property for a shockingly inadequate consideration," and the board of education adopted the resolution providing for the transfer of property "only because of their reliance and faith in the County School Superintendent, Roy Moore, and without any knowledge on their part that they were being duped into a scheme whereby Roy Moore's sister was acquiring highly valuable property worth at least $2,000 for an acre and a half of land north of the schoolhouse site and a short distance from the main highway worth not more than $200 . . ." And in count three of the petition it is alleged: "That the deed from the Board of Education of Dade County to defendants, Haygood and wife, was procured by fraud perpetrated on the county board of education by the defendant, Roy Moore, and the consideration for such deed was, and is, shockingly inadequate. That the transaction between defendant, Roy Moore, and his sister, Beatrice Haygood, is one between near relatives, and is detrimental to the interests of the citizens and taxpayers of the New Salem School District, and was made as a result of a scheme and plan on the part of the defendant, Roy Moore, with the defendants, Haygood and wife, to procure said property for them to the damage and detriment of the school. Because said deed was procured by fraud, it should be canceled and set aside . . ."

"It is well settled that a general allegation of fraud, in a bill, amounts to nothing—it is necessary that the complainant show, by specifications, wherein the fraud consists. Issuable facts must be charged. The demurrer confesses only what is well pleaded." *Carter* v. *Anderson*, 4 *Ga.* 516, 519; *Tolbert* v. *Caledonian Ins. Co.*, 101 *Ga.* 741, 746 (28 S. E. 991); *Miller* v. *Butler*, 121 *Ga.* 758 (3) (49 S. E. 754); *Anderson* v. *Goodwin*, 125 *Ga.* 663, 669

(54 S. E. 679); *Jones* v. *Robinson,* 172 *Ga.* 746, 747 (3c), (158 S. E. 752); *Robertson* v. *Panlos,* 208 *Ga.* 116, 118 (65 S. E. 2d 400).

" 'It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties.' *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867)." *Hardin* v. *Baynes,* 198 *Ga.* 683, 684 (2a) (32 S. E. 2d 384); *Lee* v. *City of Atlanta,* 197 *Ga.* 518, 520 (29 S. E. 2d 774).

"Great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." Code § 37-710. In the present case no great disparity of mental ability between the county board of education and the Haygoods is alleged. Generally this section of the Code is applied in those instances where great mental disparity is relied upon by one of the parties to the contract. In the present case the plaintiff is not a party to the contract, and he does not allege any facts that would entitle him to relief under this section of the Code.

"Inadequacy of price is no ground for rescission of a contract of sale, unless it is so gross as combined with other circumstances to amount to a fraud." Code § 96-105; *Robinson* v. *Schly & Cooper,* 6 *Ga.* 515; *Parker* v. *Glenn,* 72 *Ga.* 637; *Palmour* v. *Roper,* 119 *Ga.* 10 (45 S. E. 790); *Hardin* v. *Baynes,* supra; *Hutchinson* v. *King,* 192 *Ga.* 402 (15 S. E. 2d 523); *Smith* v. *Tippins,* 207 *Ga.* 262, 269 (61 S. E. 2d 138). Conceding, but not deciding, that a great inadequacy of consideration has been sufficiently alleged (see *Hutchinson* v. *King,* supra) in the present case, the allegations otherwise are subject to the rule that conclusions of the pleader are insufficient to establish a fraud.

Allegations of the petition to the effect that "the transaction between defendant, Roy Moore, and his sister, Beatrice Haygood, is one between near relatives," and that a confidential relationship existed between Roy Moore and the Haygoods, are wholly insufficient to establish any violation of duty as between the county school superintendent and the county board of education. The

petition alleges that Roy Moore failed to disclose to the board of education the fact that Mrs. Haygood was his sister. The petition nowhere alleges that this fact was not known to the board of education; nor is it alleged that it was concealed by the defendant, Roy Moore; nor is it alleged that the board of education would have acted differently in the premises if Roy Moore had revealed the relationship; and there is no averment of fact to show either that the conveyance by the board resulted from any fraud perpetrated on the board by Roy Moore, or that the discretion vested by law under Code § 32-909 in the county board of education in the management and disposition of school property was in any way avoided and superseded because of the relationship between the defendants, Moore and Haygood.

The court did not err in sustaining the general demurrer to this count of the petition.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Hawkins, J., who dissent from the ruling in the second division of the opinion and from the judgment of affirmance.*

HAWKINS, Justice, dissenting. I cannot concur in the opinion of the majority. Under Code (Ann.) § 32-909 the title to school property in the various counties is vested in the county boards of education. *Duffee v. Jones*, 208 *Ga.* 639, 643 (3) (68 S. E. 2d 699). County boards of education are public officials, and under the Constitution (Code, Ann., § 2-101) all public officers are trustees and servants of the people, and in holding the title to, controlling its use, and in disposing of school property, the boards of education are acting as fiduciaries or trustees for the taxpayers and citizens of the county. *Malcom v. Webb*, 211 *Ga.* 449, 456 (86 S. E. 2d 489). Under numerous decisions of this court, a citizen and taxpayer of a county has such an interest in county property as will authorize him to seek to prevent an illegal disposition thereof. *Morris v. City Council of Augusta*, 201 *Ga.* 666, 669 (40 S. E. 2d 710), and cases there cited; *Barge v. Camp*, 209 *Ga.* 38, 43 (70 S. E. 2d 360). While the administration of the public schools is entrusted by law to the various county boards of education, who are vested with a broad discretion in the administration thereof, and will not be interfered with by the courts unless they act in violation of the law or grossly abuse their discretion (*Pass v. Pickens*, 204 *Ga.* 629, 51 S. E. 2d 405; *McKenzie*

v. *Walker*, 210 *Ga*. 189, 78 S. E. 2d 486), where, as here, the petition alleges that the county board of education is exchanging a parcel of real estate worth $2,000 for another tract of land worth only $200, which allegation must be taken as true on demurrer, such allegations are sufficient to charge a gross abuse of discretion and an illegal disposition of public property. *Malcom* v. *Webb*, 211 *Ga*. 449 (supra). The petition therefore stated a cause of action and the demurrer thereto should have been overruled.

I am authorized to say that Mr. Chief Justice Duckworth concurs in this dissent.