No. 99.—S. S. NORRIS, plaintiff in error, vs. P. S. MILNER and others, defendants.

[1.] Where secondary evidence has gone to the Jury by consent, and the party offering it has acted upon it, it is not error in the Court, at a subsequent stage of the case, to refuse to withdraw it.

[2.] A limitation in a deed determines the estate, when the period of limitation arrives, without entry or claim. But a condition does not defeat the estate, although it be broken, until entry by the grantor or his heirs.

[3.] A stranger cannot take advantage of the breach of a condition in a deed.

Ejectment, in Pike Superior Court. Tried before Judge STARKE, October Term, 1855.

This action was brought to recover a four acre lot which had been conveyed by W. R. & J. B. Jones, to the plaintiffs as trustees, of whom J. B. Jones was one, for a school lot. The deed provided that whenever it should cease to be used for that purpose, the land should revert to the grantors, and the grantees should be authorized to remove such buildings as they might have erected.

There were on the lot a school house and dwelling, and it was in evidence that before the commencement of this action the trustees had carried away the school house. The defendant was living in the dwelling. The trustees were proved to have been in possession of the lot more than seven years before suit commenced.

In the progress of the cause, the following points arose: The plaintiffs introduced J. B. Jones, who stated that he had,

been served by one of the plaintiffs with a *subpœna duces tecum* to produce a deed made to witness and his brother, Wm. R. Jones, for the lot .in dispute; that before said subpœna was served, he had handed the deed to one Wadsworth, who had been present during the present term of the Court; that Wadsworth still had the deed, and that witness had not informed Milner (who had served the subpœna) that Wadsworth had the deed.

Upon this showing, the Court permitted a copy from the record of said deed to be read to the Jury, the defendant consenting.

Subsequently, it was discovered that the witness, Jones, was a plaintiff in this action as well as a feoffor in the deed to them; and defendant moved to withdraw said copy deed from the Jury, which the Court refused. The Court was requested to charge the Jury, that as under the deed to plaintiffs the land was to revert when said premises ceased to be so used for a school house, and they had ceased to be so used, that the plaintiff could not recover. This the Court refused to charge, but charged, that if Norris was a mere *squatter*, that the plaintiff had shown title enough to recover against him.

The Jury found for plaintiff and defendant excepts to the several rulings of the Court above stated.

UNDERWOOD; HAMMOND & SON, for plaintiff in error.

———— for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Ought the Court to have withdrawn from the Jury the copy deed from the Jones' to the trustees of the academy?

We think not. It had gone to the Jury by the consent of defendant's Counsel. What induced them to give that consent does not appear. It may have been from the fact that the original deed, if insisted on, could have been produced.

Neither could the Court judicially know what induced them to call upon the Court to revoke their consent to the introduction of this copy. They stated it was because they had discovered that the person who produced the deed, under a *subpœna duces tecum*, was one of the lessors of the plaintiff. And this may be true. But how could the Court know it? And suppose it was, was not the party guilty of culpable negligence in overlooking a matter apparent on the face of the declaration?

Besides, the plaintiff had acted upon the consent of the defendant, that the copy deed should be read in evidence; and perhaps Mr. Wadsworth, who had possession of the original deed and who had been in attendance on the Court, prepared to produce it, it may be if found necessary, had left, so as to make it impossible to supply the primary proof, should the secondary be withdrawn.

[2.] Were the plaintiffs entitled to recover possession of the premises under the testimony? Even upon the view taken of the case by the defendant's Counsel, they would be entitled to recover one-half of the land. His position is, that the paramount title was out of the trustees, having reverted to Wm. R. and John B. Jones, the feoffors of the trustees, on account of a forfeiture of the condition upon which they held: that is, that it should be used for school purposes. Now admitting this to be true, still, as John B. Jones is one of the grantors of the trustees and lessors of the plaintiff, the verdict must be for half of the land.

[3.] But what are the facts? Norris went into possession either as a *squatter* or as the tenant of the trustees. For, although the testimony does not disclose how he got in, the proof is, that he went in while the possession of the trustees continued. If he went in as their tenant, he cannot dispute his landlord's title. If, as a squatter, he held in subordination to the title of the true owner, which at the time, was the trustees. In any event, they were entitled, therefore, to eject him.

But what has Mr. Norris to protect himself, upon the ground that the condition in the deed from the Jones' to the trustees is broken? He, as a stranger, cannot take advantage of it. For a condition does not defeat the estate, although it be broken, until entry by the grantor or his heirs. And conditions can only be reserved for the benefit of the grantor and his heirs. And this constitutes the distinction between a condition and a limitation. By the latter, the estate is determined when the period of limitation arrives without entry or claim. And no act is requisite to vest the right in him who has the next expectant interest. But in conditional estates like this, there must be an actual entry or an action of ejectment brought as a substitute by the grantor or his heirs, and by them only. We repeat, a stranger cannot take advantage of the breach of the condition. And this is the sole defence set up by Norris.