## ATLANTA CONSOLIDATED STREET RAILWAY COMPANY *v.* JACKSON *et al.*

1. A deed, conveying to a street-railroad company the title to the right of way over the land of the grantor, contained a recital that the grantee was to run its cars over the right of way a specified number of times during the day perpetually, and the habendum clause was as follows: "to hold and to have so long as the party of the second part . . uses the said right of way . . for all legitimate railroad purposes as herein set forth, and no other." The successor to this company abandoned the right of

way, and an action was brought against it for a breach of the alleged covenant. *Held*, that the above does not constitute a covenant, but is a conditional limitation, and that the land reverted to the grantor eo instanti when the company abandoned the right of way.

2. To constitute a covenant running with the land, the covenant "must have relation to the interest or estate granted, and the act to be done must concern the interest or estate created or conveyed." Hence, when such habendum clause further provides that "in case the party of the second part or their assigns default in complying with the covenants herein set forth in whole or in part, all the rights and perquisites thereof shall revert to the party of the first part and his assigns, together with lawful damages as shall be awarded by due process or otherwise," *Held*, that the stipulation for damages is not such a covenant running with the land, under the above definition, as would render the successor to the grantee, who purchased at judicial sale, liable for a breach of covenant although it abandoned the land after its purchase.

Argued May 19, — Decided August 2, 1899.

Action on contract. Before Judge Reid. City court of Atlanta. September term, 1898.

*Goodwin, Westmoreland & Hallman*, for plaintiff in error.
*W. E. Ormond* and *Daley & Hall*, contra.

Simmons, C. J. It appears from the record that Rawlins made and executed a deed, signed and sealed by him and by the Metropolitan Street Railroad Co., wherein he conveyed to that company a right of way over certain lands belonging to him in Fulton county. The deed contained the clauses set out in the headnotes preceding this opinion, and these clauses are there given with sufficient fullness for the purposes of this decision. The railroad company appears to have been in possession of the right of way when the deed was executed. After running its cars over this right of way for several years, it became insolvent and its assets were placed in the hands of a receiver, and finally sold under a decree of the court and purchased at the sale by the Atlanta Consolidated Street Railway Co. The latter company went into possession and ran its cars over this right of way for some time after the purchase, but subsequently abandoned it and removed its tracks. Rawlins having died before this removal, his heirs at law brought an action of covenant against the Atlanta Consolidated, claiming damages for a breach of the covenant, brought about by the

abandonment of the right of way, and the failure to run cars according to the stipulations in the deed. The petition was demurred to by the defendant company. The demurrer was overruled, and the defendant excepted.

1. It was argued here by counsel for the plaintiff in error that the petition of the plaintiffs in the court below set out no cause of action, for the reason that the stipulations in the deed were not covenants but conditions subsequent, and that therefore the only right the plaintiffs had was that of re-entry; and that, having this right, they could not recover damages. Counsel for the defendants in error contended that the recitals and stipulations above alluded to were not conditions subsequent but covenants, and that therefore the plaintiffs had a right to bring an action for the breach of the covenants. We do not agree with either counsel in their contentions. We think that the clauses in the deed were neither covenants nor conditions subsequent, but were conditional limitations or limitations upon condition. While the grantee agreed that it would run its cars over the right of way a specified number of times during each day, still in the habendum clause the grantor stipulated that the grantee should hold the land only "so long as" it used the right of way for all legitimate railroad purposes. In the construction of such clauses by the courts, the usual rule seems to be that when the words used are "so long as," "until," "during," etc., they constitute a limitation upon the estate granted. The fee granted by such a conveyance is a defeasible one. If the grantee had continued to use this right of way according to the terms of the deed, the fee would have remained in it. Had its successor, the purchaser at the judicial sale, continued to use the right of way as stipulated in the deed, the fee would have remained in it. The moment it tore up its track and removed it to another locality, abandoning this right of way, the estate granted its predecessor was lost, and the land reverted immediately to the grantor or to his heirs, he having died before the abandonment of the right of way. It was not necessary for such heirs to re-enter or to bring a suit of ejectment for the recovery of the land. This seems to be the difference between a limitation and a condition subsequent.

In the latter the grantor must re-enter, or make a claim in case re-entry is impossible or impracticable. In the case of *Mayor etc. of. Macon* v. *Railway Co.*, 82 *Ga.* 501, certain lands were granted by the City of Macon to the railway company "so long as the premises [were] used by the company for the purposes set forth in the act of the legislature." The purposes set forth in this act were that the land was to be used for "depots, shops, and other conveniences and fixtures necessary for said railroad companies, . . upon such terms, conditions, and limitations as shall be agreed upon between the City Council of Macon and said railroad companies." The City of Macon granted the land upon the terms above set out. The railroad companies failed for a long time to apply the land to the purposes stated in the grant, the city brought suit to recover it, and this court held that the clause above quoted constituted a conditional limitation. In 2 Washburn, Real Prop. (5th ed.) 25, it is said : "In this and many other respects, an estate upon condition, properly speaking, differs from what is known as a conditional limitation. In either case, the estate is a conditional one. But in the one, though the event happen upon which the estate may be defeated, it requires some act to be done, such as making an entry, in order to effect this. In the other, the happening of the event is, in itself, the limit beyond which the estate no longer exists, but is determined by the operation of the law, without requiring any act to be done by any one. In case of a condition at common law, the grantor or his heirs alone can defeat the estate by entry for condition broken. · In a conditional limitation, the estate determines, ipso facto, upon the happening of the event, and goes over at once to the grantor by reverter, or to the person to whom it is limited upon the happening of such contingency. . . . This distinction may be illustrated by a familiar example. A grant to A B, provided she continues unmarried, is an estate upon condition; and if she marries, nobody can take advantage of it to defeat the estate but the grantor or his heirs. But a grant to A B, so long as she continues unmarried, is a limitation. The moment she marries, the time for which the estate was to be held has expired, and the estate is not technically defeated, but deter-

mined." The same author (p. 27) says: "The only general rule, perhaps, in determining whether words are words of condition or of limitation, is, that where they circumscribe the continuance of the estate, and mark the period which is to determine it, they are words of limitation; when they render the estate liable to be defeated, in case the event expressed should arise before the determination of the estate, they are words of condition. Thus a parol letting of premises to another, so long as he keeps a good school, is a conditional limitation, and no notice or entry is necessary to determine it if the tenant fail to keep such a school. The distinction between condition and limitation is that the latter determines the estate of itself; the former, to have that effect, requires some act of election on the part of him or his heirs in whose favor the condition is created." See also 2 Bl. Com. 155, and 2 Pingrey, Real Prop. § 757 et seq.

2. It was contended by counsel for the defendants in error, that in the habendum clause it was stipulated and covenanted that, although the land should revert to the grantor or his assignees, the grantee should still be liable for damages as should be awarded by due process or otherwise. He contended that if the other clauses in the deed did not amount to a covenant, this would certainly do so, because both parties had signed the instrument and the grantee had by so doing expressly agreed to pay such damages as might be awarded against it, and that it was therefore such a covenant as would authorize an action for its breach. We were at first inclined to agree with this contention, but upon further reflection we think that it is not sound, so far, at least, as the successor to the original grantee is concerned. There are covenants which run with land and also personal covenants which are frequently contained in deeds. We think that this agreement to pay damages was not a covenant running with the land. To constitute a covenant running with the land, the covenant "must have relation to the interest or estate granted, and the act to be done must concern the interest created or conveyed." 1 Ballard, Real Prop. § 491. In 2 Kerr on Real Prop. § 1218, it is said: "Of the covenants in a lease some run with the land, while others are binding only upon the person. When the covenant is of a

collateral nature to the land, it is a personal obligation and does not run with the land; if it is incapable in law of attaching to the estate, it will not bind or pass to assignees even where they are expressly named. All covenants relating to a subject-matter not in esse, such as for the erection of buildings upon the premises demised, are personal covenants and do not run with the land so as to bind the assignees, unless they are expressly named therein. A covenant runs with the land when either the liability for its performance or the right to enforce it passes to the assignee of the land itself. In order that it may run with the land, its performance or non-performance must affect the nature, quality, or value of the property demised, independent of collateral circumstances, or it must affect the mode of enjoyment, and there must be a privity between the contracting parties." According to these definitions, this was a personal covenant of the original grantee, and did not run with the land so as to bind the defendant company, which was the purchaser of the property of the original grantee at the receiver's sale. It was a mere agreement on the part of the grantee that in case it abandoned the right of way it would pay such damages as might be awarded. The performance or non-performance of this agreement to pay damages did not affect the nature, quality, or value of the land, nor did it affect the mode of enjoyment of the land, nor was there any privity in this covenant or agreement between the purchaser and the grantor. While it may have been a personal covenant on the part of the original grantee, which might have been bound thereby, it was not binding on the assignee of the grantee which purchased at the judicial sale. It may be argued that this is a narrow view to take of the whole instrument; that this agreement to pay damages must be connected with the other stipulations in the deed wherein it recites that if the grantee or its assignees default in whole or part in complying with the covenants set forth in the deed, "all the rights and perquisites thereof shall revert to the [grantor] and his assigns, together with lawful damages." We have already shown, in the first part of this opinion, that the agreement to run a specified number of cars a day so long as the right of way was used for legitimate railroad purposes

was not a covenant. This we think is true although the recital just mentioned styles it a covenant. There being no covenant, of course there is nothing to run with the land so as to bind the grantee or his assignees.

For these reasons we think the court erred in overruling the demurrer of the defendant to the plaintiffs' petition.

*Judgment reversed. All the Justices concurring.*