WILLIAMS *v.* THOMAS COUNTY *et al.*

No. 17442. SUBMITTED APRIL 10, 1951—DECIDED MAY 15, 1951—REHEARING DENIED JUNE 13, 1951.

*A. J. Whitehurst* and *C. E. Hay,* for plaintiff in error.

*Jesse J. Gainey,* contra.

ALMAND, Justice. Thomas County et al., hereinafter referred to as the plaintiff, brought an action in ejectment against A. J. Williams, hereinafter referred to as the defendant, to recover two tracts of land, one containing one-half acre of land and the other containing 3 acres. The defendant

in his answer alleged in substance as follows:  Both tracts were conveyed to the plaintiff by F. N. Carter; in the deed conveying the one-half acre tract, it was provided that said land was deeded to the plaintiff "for Schoolhouse & yard so long as used for school purposes.  If not used for school purposes for twenty four (24) consecutive months it automatically reverts to said F. N. Carter."  In the conveyance of the 3-acre tract, it was provided:  "This property is given to the Board of Education so long as same shall be used for school purposes, and when discontinued to divert back to maker [F. N. Carter] of this deed."  On September 25, 1926, F. N. Carter, subsequently to the making and recordation of the two deeds referred to above, executed to the defendant a warranty deed conveying 130 acres of land, which included in its description the 3½ acres described in the two deeds to the plaintiff, but excepted from said 130 acres the two tracts previously conveyed to the plaintiff, and provided that said two tracts were to revert to the owner if not used for school purposes.  It was alleged that, in the spring of 1949, the school building erected on the premises was destroyed by fire, and that the plaintiff had not used said tracts for school purposes since June 1, 1949, and that the plaintiff having abandoned said tracts for school purposes, the defendant was in possession of the 3-acre tract, and though not in possession of the one-half acre tract, he would be entitled to possession thereof after 24 months from June 1, 1949.

On the trial the plaintiff introduced in evidence two deeds from F. N. Carter to the plaintiff; one dated September 21, 1918, conveying the one-half acre tract, and the other, dated July 7, 1923, conveying the 3-acre tract; each deed containing the reservation as to use as set out above.  The plaintiff also introduced in evidence a warranty deed from F. N. Carter to it dated April 5, 1938, conveying the fee-simple title to both tracts, which deed contained the following recital:  "The two deeds above referred to having therein a reversionary clause, and the Patten Consolidated School District now having been formed, since the execution of said deeds, which District includes the schoolhouse grounds referred to and conveyed thereby, and it being the purpose and intention to construct a more modern school building upon the said grounds, it is the purpose and in-

tention of this grantor, as expressed herein, to make an unqualified deed of conveyance of the fee-simple title to the said property." W. H. Rehberg, Thomas County School Superintendent, testified that a school was maintained on said tracts until May, 1949, when the schoolhouse was burned, and that no school has been maintained on the property since that time; that the school board has no intention of rebuilding a schoolhouse on these tracts, and that said board has never officially granted the defendant permission to occupy the premises. At the conclusion of the evidence, on motion of the plaintiff, the court directed a verdict in its favor, and a decree was entered thereon. The defendant's motion for a new trial, on the general and special grounds, having been overruled, the case is here on exceptions to the order denying the motion for a new trial.

■ The defendant, in the first special ground of the motion for a new trial, complains that the court erred in refusing to admit in evidence a warranty deed from F. N. Carter to him, dated September 25, 1926, which deed conveyed 130 acres of land more or less, which deed in its description included the lands described in the three deeds from Carter to the plaintiff. This deed, after describing the 130 acres, contained the following: "Ex land deeded to South Georgia Conference for Church and Cemetery and land deeded to Thomas County Board of Education for school purposes. The same to be returned to owner if ever vacated for school purposes." The court sustained the objection of plaintiff's counsel to the admission of this deed, on the ground that the deed expressly excepted the 3½ acres from the conveyance, and that the defendant did not obtain by such conveyance any right, title, interest, or right of reversion to the 3½ acres. The defendant assigns error on this ruling on the grounds: that (a) the deed from Carter to the defendant conveyed the right of reversion if and when the property was not used for school purposes; and (b) in so far as the deed might be ambiguous as to the meaning of "ex" and "returned to owner," the court should have admitted parol evidence to explain the ambiguity and ascertain the intention of the grantor.

There is no dispute between the parties but that the two deeds from Carter to the plaintiff conveying the 3½ acres created an estate upon condition subsequent, upon the breach of which

this land would revert to the grantor, his estate or heirs. Code, §§ 85-901, 85-906; *City of Barnesville* v. *Stafford*, 161 *Ga.* 588 (131 S. E. 487, 43 A.L.R. 1045). Nor is there any dispute but that Carter, after making the two deeds to the plaintiff, retained a contingent interest or possibility of reversion that he could have conveyed by deed before a breach of the condition and his right of re-entry occurred, and that the grantee in such deed would succeed to the rights of the grantor. *Irby* v. *Smith*, 147 *Ga.* 329 (1) (93 S. E. 877); *Kennedy* v. *Kennedy*, 183 *Ga.* 432 (2) (188 S. E. 722, 109 A.L.R. 1143). The defendant in his answer conceded that the words employed in the deed from Carter to him excepted from such conveyance the two tracts previously conveyed to the plaintiff for school purposes. From a reading of this deed, it is plain that it was the purpose of the grantor to except from the conveyance the two tracts which he had previously conveyed to the plaintiff. See *Hollywood Cemetery Corp.* v. *Hudson*, 133 *Ga.* 271 (65 S. E. 777); *Sweat* v. *Mullis*, 145 *Ga.* 450 (89 S. E. 422); *Georgia Vitrified Brick & Clay Co.* v. *Georgia Railroad & Banking Co.*, 148 *Ga.* 650 (98 S. E. 77). The dispute between the parties arises over the effect of the words used by the grantor in the excepting clause of the deed to the defendant. The plaintiff insists that the deed is not ambiguous, but that it shows it was the intention of the grantor to reserve to himself the right of re-entry upon breach of the condition subsequent; whereas the defendant contends that it was the grantor's intention to convey to the defendant whatever right the grantor had to re-enter the property upon the breach of the condition subsequent, and that the expression used by the grantor, "returned to owner if ever vacated for school purposes," was ambiguous, and the court should have permitted the introduction of parol evidence to explain the ambiguity and ascertain the intent of the grantor. In our opinion, the deed is not ambiguous, and its construction was a proper question for the court. *Heatley* v. *Long*, 135 *Ga.* 153 (2) (68 S. E. 783). Though an interest in expectancy, or possibility of reverter may be the subject of assignment, the intention to make such assignment must appear clearly and indisputably. *Wilcoxon* v. *Harrison*, 32 *Ga.* 480 (3). Bearing in mind that Carter could have conveyed the possibility of reverter by making the de-

fendant an unconditional deed, we are of the opinion that, when he—after not only expressly excepting the two school tracts from the operation of the deed, by employing the words, "the same to be returned to owner if ever vacated for school purposes"—showed an intent on his part to reserve to himself the right of re-entry if and when the plaintiff ceased to use the property for school purposes, by the use of the word "owner" the grantor was referring to himself, and not to the grantee in the deed. In other words, the grantor not only excepted the land from the deed, but went further, and by the use of these words showed that it was not his intention to convey the possibility of reverter to the defendant.

The defendant not receiving a conveyance of the right of re-entry upon breach of the condition subsequent by the plaintiff under the provisions of this deed, it was not error for the court to refuse to admit it in evidence.

■ The evidence in the record shows that, though the plaintiff has ceased to use the property for school purposes, it holds an unconditional fee-simple title from the common grantor by reason of the deed executed in 1938; and it was therefore not error for the court to direct a verdict and enter judgment in favor of the plaintiff for the premises in dispute.

*Judgment affirmed. All the Justices concur.*