21262. FRANKS, Chairman, *et al.* v. SPARKS.

ARGUED JUNE 12, 1961—DECIDED JULY 10, 1961.

*Rupert A. Brown, R. Howard Gordon*, for plaintiffs in error.
*Marshall L. Allison, A. S. Skelton*, contra.

GRICE, Justice. This case involves title to land originally deeded for school purposes. The discontinuance of the school

brought about the dispute between the climants here, each of whom holds a deed which purportedly provides title. For review is the denial of the defendants' motion for new trial. The facts necessary for consideration of the assignment of error follow.

L. C. Sparks filed an ejectment suit in the Superior Court of Franklin County, Georgia, against J. E. Franks, chairman, and others, as trustees of Bold Springs Community Center, and as individuals, for recovery of three and six one-hundredths acres of land. The answer of the defendants denied Sparks' claim of title, asserted it in themselves, and set up that they had been since 1957 and were now in possession of the land. Trial before a jury resulted in a verdict for the plaintiff. The defendants' amended motion for new trial was denied, and they assign error on such ruling.

The conveyances, which each of the parties claims resulted in title to him, were, chronologically, as follows.

1. In 1918 C. L. Alexander executed a warranty deed to the Board of Education of Franklin County, Georgia, to 3.06 acres, hereinafter referred to as the "school lot." The habendum clause recited: "To have and hold the said bargained premises with all the rights, members and appurtenances thereto appertaining, for school purposes, subject to the right of said C. L. Alexander, his heirs, to repossess the same when it ceases to be used for school purposes, the said Board having the right to move the building that may be on the same. . ."

2. In 1931 Alexander conveyed by warranty deed to Northeastern Banking Company a large tract of land which included this school lot in its geographical boundaries. Without specifically mentioning the school lot, the instrument recited that "This deed conveys all the right, title, interest or equity that the said C. L. Alexander has or might have had in and to the lands herein described."

3. In 1932 Northeastern Banking Company deeded to W. D. Duckett the large tract which it acquired in 1931. No mention was made of the school lot but the metes and bounds encompassed it.

4. In 1934 Duckett contracted with the plaintiff to sell him this same large tract. Again, no reference was made to the

school lot, but it was included in the geographical boundaries described. In that same year, 1934, Duckett conveyed the tract to the plaintiff by warranty deed, but incorporated at the end of the description the following: "Less certain lands cut off from the above tracts of land and deeded to the Board of Education of Bold Springs School, subject to the conditions in said school house deed . . ." and less other acreage not involved here.

5. In September, 1957, the school lot having ceased in 1955 to be used for school purposes, the Franklin County Board of Education executed a quitclaim deed to the school lot to the heirs of C. L. Alexander.

6. In October 1957, the heirs of C. L. Alexander by warranty deed conveyed the school lot to the defendants, trustees of Bold Springs Community Center. This deed recited that the property embraced in it was the same as that deeded in 1918 by C. L. Alexander to the Board of Education of Franklin County, Georgia; that such prior deed provided that when the property was not used for school purposes, his heirs were "to repossess said land," that they had repossessed it and were conveying it upon the same condition.

Thus, the plaintiff relied upon the following conveyances of the *large tract* whose geographical boundaries encompassed the school lot: (1) Alexander to Northeastern Banking Company (2) the Bank to Duckett and (3) Duckett to the plaintiff. The defendants claim under the following conveyances of the *school lot itself:* (1) Alexander to the Board of Education of Franklin County, (2) that Board of Education to Alexander's heirs and (3) Alexander's heirs to the defendants.

The oral evidence related almost exclusively to what occurred in 1934 between Duckett and the plaintiff insofar as their sales contract and deed were concerned. It centered around the exception in the deed, "Less certain lands cut off from the above tracts of land and deeded to the Board of Education of Bold Springs School, subject to the conditions in said school house deed."

However, that evidence and the issues raised by it need not be considered here since this case, as we analyze it, is deter-

mined by the first conveyance enumerated above, the 1918 deed from C. L. Alexander to the Board of Education of Franklin County.

Sparks, as plaintiff in ejectment, "must recover on the strength of his own title, and not on the weakness of the defendants' title." *Code* § 33-101. He must show not only that when Alexander executed to the bank his warranty deed on the large tract whose description encompassed the school lot, he intended thereby to convey the school lot, but also, he must show that he had such an interest in the lot that he *could* convey. Otherwise, the bank received no interest in the lot and therefore could pass none to Duckett for him to transfer to the plaintiff. If title to the school lot never reached Duckett, the myriad of issues arising from his 1934 deed to the plaintiff do not concern us here.

This brings us back to the 1918 deed from Alexander to the Board of Education, with its language, "To have and to hold the said bargained premises with all the rights, members and appurtenances thereto appertaining for school purposes, subject to the right of said C. L. Alexander, his heirs, to repossess the same when it ceases to be used for school purposes, the said Board having the right to move the building that may be on the same," and to the question as to what interest in the school lot Alexander retained *after* this deed. Was it an alienable interest which could be transferred to the bank by his 1931 deed of the tract encompassing the school lot—or was it an inalienable interest that could not pass by that deed?

The plaintiff contends that the effect of the 1918 deed was to grant a fee simple subject to a *limitation* and that the interest retained by the grantor—the possibility of reversion—was alienable. But the defendants contend that the deed granted a fee on *condition subsequent,* leaving the grantor with the right of reentry—an inalienable interest.

Whether an instrument creates a limitation or a condition subsequent is often difficult to ascertain. The line may be a fine one. Nevertheless, it is there.

From the many statements of distinction we gather the basic difference to be this: In a limitation, the instrument creating

the conditional estate marks its duration. Words of limitation restrict the continuance of the estate and denote the period which is to determine it. The happening of the named event *ipso facto terminates* the estate. In a condition subsequent, the instrument creating the conditional estate marks the event upon which the estate is *liable to be defeated*, but some act of election on the part of the grantor or his heirs is necessary to actually determine the estate. This distinction is well illustrated by the following text statement quoted in *Atlanta Consolidated Street Ry. Co. v. Jackson*, 108 Ga. 634 (34 SE 184): "A grant to A B, provided she continues unmarried, is an estate upon condition; and if she marries, nobody can take advantage of it to defeat the estate but the grantor or his heirs. But a grant to A B, so long as she continues unmarried, is a limitation. The moment she marries, the time for which the estate was to be held has expired, and the estate is not technically defeated, but determined."

For other statements of distinction, see *Norris v. Milner*, 20 Ga. 563; *Lawson v. Georgia Southern &c. Ry. Co.*, 142 Ga. 14, 16-17 (82 SE 233); Mitchell, Real Property in Georgia, pp. 165-183; Thompson, Real Property, Vol. 4, pp. 699-703; Restatement of the Law of Real Property, pp. 55-56; 31 C.J.S. 34, "Estates," § 20; 19 Am. Jur. 530-531, "Estates," § 67.

No precise technical words are required to create a limitation or a condition subsequent and the construction must always be founded upon the intention of the parties as disclosed in the conveyance. However, the words used may serve as guides to construction. Words of time such as "so long as," "while," "until," "during," usually denote limitation. Words of qualification or condition such as "provided," "upon condition," are most often used to create conditions subsequent. 26 C.J.S. 920-921, "Deeds," § 110.

The language used in Alexander's deed to the Board of Education of Franklin County, "for school purposes, subject to the right of C. L. Alexander, his heirs, to repossess the same when it ceases to be used for school purposes . . ." clearly creates a condition subsequent, not a limitation. There are no words here which indicate that nonuse of the lot for school pur-

poses will result in automatic reversion; on the contrary the language merely marks the event upon which the estate is liable to be defeated if an election is made to repossess or reenter. Furthermore, the draftsman carefully restricted the right to repossess or reenter to the grantor and his heirs which is in accord with the general rule that the right of reentry upon breach of condition subsequent inures only to the benefit of the grantor or his heirs and not to strangers. The instrument here falls into the same category as those in such cases as *Norris v. Milner*, 20 Ga. 563, supra; *Moss v. Chappell*, 126 Ga. 196 (5) (54 SE 968, 11 LRA (NS) 398); and *Evans v. Brown*, 196 Ga. 634 (27 SE2d 300).

The cases relied upon by the plaintiff do not favor a different conclusion.

The first, *Kennedy v. Kennedy*, 183 Ga. 432 (188 SE 722, 109 ALR 1143), provided, "to be held by said trustees so long as said land is used for school purposes." The second, *Atlanta Consolidated Street Ry. Co. v. Jackson*, 108 Ga. 634, supra, recited, "to hold and to have so long as the party of the second part . . . uses the said right of way . . . for all legitimate railroad purposes as herein set forth and no other." The third, *Atlantic Coast Line R. Co. v. Sweat*, 177 Ga. 698 (171 SE 123), contained this language: "to have and to hold said railroad company, so long as they, their successors and assigns, shall maintain and use said road; but to revert to the said party of the first part whenever said road shall be abandoned."

Points of difference between those cases and the one at bar are manifest. All three provide for automatic reversion, instead of any right of election as to defeating the estate. All employ the wording "so long as," thus indicating an intention that the violation of the condition automatically defeat the estate rather than merely mark the time when the estate may be defeated by reentry.

We find no case more consistently adhering to all of the recognized elements of a condition subsequent than the one here.

Having held this to be a condition subsequent, we come now to the question whether the grantor, Alexander, before a breach of the condition in his deed to the Board of Education, possessed

such interest or title in the school lot as could be conveyed to the bank.

A condition subsequent provides a *right of reentry* to the grantor or his heirs. The authorities recognize the rule that a right of reentry, unlike a possibility of reversion created by a limitation (cf. *Kennedy v. Kennedy,* 183 Ga. 432, supra), is inalienable.

"A breach of a condition subsequent and the attendant right of reentry for condition broken can only be taken advantage of by the creator of the estate and his heirs, who are his 'successors in interest,' as that phrase is employed in this article. Such right of reentry at common law, and in practically all jurisdictions at the present time in which the rule has not been changed by statute, is inalienable either before or after breach and cannot be taken advantage of by a third person." 19 Am. Jur. 546, "Estates," § 83.

"The general rule at common law is well settled that the right of reentry is not alienable or assignable. No stranger can take advantage of the condition. It is sometimes held or stated that upon the conveyance of a fee subject to a condition subsequent, there remains in the grantor no estate or interest in the land which can be transferred, which seems to be only another way of stating the general rule." 33 Am. Jur. 690, "Life Estates, Remainders, etc.," § 209. See also, in this connection, 31 C.J.S. 32, "Estates," § 20; 26 C.J.S. 1052-54, "Deeds," § 148; Thompson, Real Property, Vol. 4, p. 687.

In this State this question seems never to have been expressly ruled upon. However, those cases which have enunciated the distinction between conditions subsequent and limitations, in stressing that the former can only be reserved for the grantor and his heirs, also state that a stranger cannot take advantage of a condition subsequent. *Norris v. Milner,* 20 Ga. 563, 566, supra; *Atlanta Consolidated Street Ry. Co. v. Jackson,* 108 Ga. 634, 637, supra. It is this restriction of reservation, as old as condition subsequent itself, which prevents alienation to a stranger, rather than the right of reentry being a "bare contingency or possibility" not the subject of sale under *Code* § 96-102.

The decisions of this court cited by the plaintiff as support-

ing the alienability of C. L. Alexander's right of reentry do not support him.

In the first, *Williams v. Thomas County,* 208 Ga. 103 (65 SE2d 412), no ruling was made as to the right to alienate. This court made only two holdings. One was that the trial court properly refused to admit in evidence a deed to the defendant which not only failed to convey any right, title or interest in the property, but specifically excluded the land in question. The other was that, although the plaintiff had ceased using the property for school purposes, it held fee simple title to it by virtue of a warranty deed from the common grantor and, accordingly, the trial court had properly directed a verdict for the plaintiff. The opinion pointed out that the parties were not in dispute as to (1) whether the deeds held by the plaintiff contained conditions subsequent and (2) whether the grantor in those deeds could, before breach of the condition and reentry, assign any right to the defendant. Thus, both of these features were immaterial to the holdings. The decisive question was whether the deed relied upon by the defendant had excepted the land claimed by him. The important fact for us here is that no assignment was ever attempted in that case.

In the second case relied upon, *Irby v. Smith,* 147 Ga. 329 (93 SE 877), although not labeling the estate created by the instrument there, this court treated it as a limitation. This is obvious from several standpoints. No only does the syllabus opinion fail to mention condition subsequent or right of reentry, but it refers to "revert," which is applicable to limitation. Also, the two cases relied upon in the opinion do not involve conditions subsequent. That of Green's Administrator v. Irvine (Ky. App.) 66 SW 278, dealt with a limitation: the land "to be used by [toll companies] so long as used for conducting toll road business," and made reference to reverter. But even if the *Irby* case decided anything contrary to the within holding, that decision, being by only four justices, must yield to this one.

The third case thus relied upon, and also relied upon in the *Irby* case, supra, is *Isler v. Griffin,* 134 Ga. 192, 196 (67 SE 854). It dealt with a contingent remainder.

None of the cases thus relied upon by the plaintiff call for a

different holding from those embodied in the earlier Georgia decisions cited supra, and the rule prevailing generally.

Nor does *Code* § 29-111, which deals with after-acquired title, authorize a different result. That section provides: "The maker of a deed cannot subsequently claim adversely to his deed under a title acquired since the making thereof. He is estopped from denying his right to sell." The right of reentry for breach of condition subsequent is, by the very nature of conditions subsequent, reserved only to the grantor and his heirs. Under the authorities already dealt with, this right of reentry cannot be taken advantage of by a stranger. Thus, this right could not pass by the 1931 warranty deed of C. L. Alexander to the bank, so as to inure to it or its grantees upon later breach of the condition.

We therefore hold that the interest retained by Alexander after his 1918 deed to the Board of Education of Franklin County, being the right of reentry, was inalienable and thus did not pass to the bank by his 1931 warranty deed to it of the large tract whose metes and bounds encompassed the school lot.

There is thus a break in the first link of the chain of title set up by the plaintiff. In view of this defect, he has not established title in himself. The strength or weakness of link number three, the deed from Duckett to him, need not now be tested.

The verdict, being without evidence to support it for the reasons stated in this opinion, is subject to the general grounds of the motion for new trial. In this situation it is not necessary to pass upon other questions raised as to such general grounds, or those presented by the special grounds of the motion.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I dissent upon the ground that the grantor in the deed to the Board of Education of Franklin County retained an alienable interest, enjoyable at the time the premises ceased to be used for school purposes. While I agree with the statement in the majority opinion that the plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title (*Code*

126

§ 33-101), and upon a proper test of a later deed in the plaintiff's chain of title, in which certain lands were not deeded, having been previously cut off from the property and "deeded to the Board of Education of Bold Springs School, subject to the conditions in said school house deed," the result might be the failure of plaintiff's title to said property here in question—yet the majority opinion does not deal with any question other than the failure in the first link in plaintiff's chain of title, and for this reason I dissent from the language used in the opinion and from the judgment of reversal based thereon.