21764. MID-STATE HOMES, INC. v. JOHNSON et al.

SUBMITTED SEPTEMBER 11, 1962—DECIDED OCTOBER 10, 1962.

*William K. Buffington,* for plaintiff in error.

*Julian Webb,* contra.

GRICE, Justice. This is an equitable proceeding to recover land on the theory that a provision terminating the grantor's life estate under certain circumstances is void, or, in the alternative, to recover the value of improvements on the land.

Mid-States Homes, Inc., filed in the Superior Court of Seminole County its petition against J. R. Johnson, Lee R. Johnson, Mrs. Louise Alday and Cleveland Williams for recovery of certain land in that county, or the value of the improvements placed upon it by the plaintiff. The trial court sustained a general demurrer to the petition filed by the first three named defendants.

The material allegations of the petition follow.

The plaintiff's claim is predicated upon a security deed from Mrs. Alday which was transferred to it by the grantee. Mrs. Alday defaulted in her indebtedness under the security deed and the property was advertised and sold pursuant to the deed's power of sale, plaintiff in error being the purchaser.

Mrs. Alday obtained this property by deed from the defendant J. R. Johnson. That deed, by its granting clause, recited that "subject to the reservations and limitations hereinafter expressed," Johnson conveyed to her the land described. Following the description the deed recited:

"This conveyance is made to the said Louise Alday for the term of her natural life only, subject, however, to this condition and limitation, that if she and her family move away or vacate the property hereinbefore described at any time as long as three months, the property reverts to the parcel of land from which it is deeded, and will belong to the owner of the lands adjacent to it on the east and south."

The habendum clause was: "To Have and To Hold said granted premises subject to the above and foregoing limitations unto the said Louise Alday."

Possession of the property has been denied to plaintiff and the defendant Williams is in possession, his actual status with reference to such possession being unknown to plaintiff. The lands adjacent on the east and south of this property are owned by the defendants J. R. Johnson and Lee R. Johnson.

Valuable improvements of $4,000 were constructed in good faith by the plaintiff, with the knowledge and concurrence of the defendants Johnson.

Contending that the provision for terminating Mrs. Alday's life estate under certain circumstances is void in several particulars and therefore inoperative, plaintiff prayed for a judgment for possession, declaration that Mrs. Alday did have a life estate in the property, that the termination provision in the deed to her is void and repugnant to the estate granted and that the plaintiff is presently vested with a life estate in the property based upon the life of Mrs. Alday; and, as an alternative, that it be awarded the profits as the result of such improvements, besides general relief.

Error was assigned on the sustaining of the defendants' general demurrers to the petition.

■ We consider first the provision "subject, however, to this condition and limitation, that if she and her family move away or vacate the property hereinbefore described at any time as long as three months the property reverts to the parcel of land from which it was deeded, and will belong to the owners of the lands adjacent to it on the east and south," in the deed to Mrs. Alday creating the life estate. Several questions as to this provision have been raised.

(a) Plaintiff in error contends that this provision is void because it is "repugnant and contrary to all the principles of law and equity, and create[s] a restriction against the alienation of property . . ." and is "contrary to the basic life estate created." With this we cannot agree.

It has long been established that life estates subject to termination under particular circumstances may be created. See Restatement of Property, § 152, p. 500; 31 CJS 79, Estates, § 65(a) (3); 33 Am. Jur. 503, Life Estates, Remainders, etc., § 42. Such determinable life estates are recognized in Georgia. *Code* § 85-603 provides: "Estates which may extend during life, but must terminate at death, so long as they exist are deemed life estates; such are estates during widowhood."

We fail to see how this provision could be interpreted as a restraint on alienation. It requires only that the grantee and

her family retain *possession*. There is no inhibition against alienation.

(b) Plaintiff in error also contends that this provision is void because it attempts to have a condition subsequent operate in favor of strangers. Again, we cannot agree.

This provision is clearly a limitation, which may operate in favor of third persons as well as in favor of the grantor or his heirs. It is not a condition subsequent. The language is "if she and her family move away or vacate . . . the property reverts . . ." An automatic reverter, instead of a right of re-entry, results so the provision must be a limitation. For the distinction between limitations and conditions subsequent, see *Moore v. Wells*, 212 Ga. 446 (93 SE2d 731); *Franks v. Sparks*, 217 Ga. 117 (121 SE2d 27).

(c) Plaintiff in error contends that this provision, by the language "reverts to the parcel of land from which it was deeded, and will belong to the owner of the lands adjacent to it on the east and south," creates a reverter to land instead of to persons and is therefore void. We do not regard it as being subject to that infirmity.

The reference to "the parcel of land" was intended as an aid in the identification of the property to the east and south, to whose owner the property in dispute will go upon the happening of the event stipulated. This is made clear by the phrase "and will belong to the owner of the lands adjacent to it on the east and south." The owner, not the land, has the possibility of reverter. It is immaterial that the exact person or persons could not be known at the time the deed was executed. They are sufficiently identified.

■ Having found the termination provision valid, our next question is, has the event stipulated to terminate Mrs. Alday's life estate occurred? As we construe the allegations, it has.

The petition alleges that Williams is in possession and that the plaintiff had purchased the land upon foreclosure of the security deed from the defendant Alday. While no duration is alleged as to Williams' possession, plaintiff in error's contentions as to the consequences of the reverter are predicated upon its time factor being three months absence of possession by the defendant Alday and her family. Construed most strongly

against the pleader, the petition alleges that such removing and vacating had continued for the three-month period. This construction is consistent with the statement which plaintiff in error itself makes in its brief, that "Said Louise Alday had removed herself from the premises for a period of three months . . ."

■ We are thus brought to a consideration of the effect of the occurrence of the stipulated event.

Plaintiff in error's position that the occurrence was of no effect is based upon its contentions that the provision for termination of the life estate was void. Having, we believe, answered those contentions and found that provision valid, we reach a different result.

Mrs. Alday's life estate automatically terminated upon the happening of the stipulated event, and simultaneously all rights under the security deed which she had executed to the plaintiff in error came to an end. *Code* § 85-609. *New South Building & Loan Assn. v. Gann,* 101 Ga. 678 (3) (29 SE 15). Therefore, the plaintiff in error has no claim to the land in dispute by virtue of its security deed from Mrs. Alday, or the purchase of the property upon foreclosure of that deed.

■ Likewise, it has no cause of action for the value of the improvements on the property. No provision of law in support of it is cited. This claim cannot be sustained for several reasons. The limitation upon Mrs. Alday's life estate, to wit, termination of all her interest upon her and her family moving away or vacating the property for as long as three months, was of record and therefore notice to plaintiff in error. Also, regardless of the allegation of condonation or knowledge by the defendants Johnson, the petition does not allege any agreement for them to pay the plaintiff in error for such improvements. Furthermore, nowhere is it alleged that the improvements were permanent.

*Code* § 33-107 does not furnish a basis for this claim. It contemplates that a defendant in ejectment, who has made permanent improvements, may set them off against a successful plaintiff in such suit.

The trial court properly sustained the general demurrers to the petition.

*Judgment affirmed. All the Justices concur, except Head, P. J., who dissents.*