25736. GEORGIA, ASHBURN, SYLVESTER & CAMILLA RAILWAY COMPANY v. JOHNSON.

ARGUED APRIL 13, 1970—DECIDED MAY 7, 1970—
REHEARING DENIED MAY 21, 1970.

*John R. Rogers,* for appellant.
*Tyron Elliott,* for appellee.

MOBLEY, Presiding Justice. John S. Johnson brought an action as a proceeding in rem under the provisions of Ga. L. 1966, pp. 443-447 (*Code Ann.* § 37-1411 et seq.) to remove any clouds upon his title to described property which he had purchased

from Evans Realty Company. The matter was submitted to a special master by the superior court as required by *Code Ann.* § 37-1413. The special master, after investigating and passing upon all questions of law and fact arising from the pleadings and evidence, found in favor of the plaintiff, holding that the interest in the subject property as described in a deed from Evans Realty Company to Gulf Line Railway Company, dated August, 1911, was a "determinable fee," that the conditions set forth in the deed did not occur, that title remained in the grantor, Evans Realty Company, and that the interest of Evans Realty Company was transferable.

The trial court entered its order and decree adopting the report of the special master, and decreed fee simple title to the property in controversy in the plaintiff. Georgia, Ashburn, Sylvester and Camilla Railway Company, successor to Gulf Line Railway Company, appeals from that judgment. Enumerated as error is the judgment finding the plaintiff, John S. Johnson, to be the owner in fee simple of the land in dispute.

In 1911 Evans Realty Company, in consideration of $5, "as well as for and in consideration of the location by the party of the second part of its principal machine and repair shops on the property hereinafter conveyed," by warranty deed conveyed to Gulf Line Railway Company all of Blocks "U" and "T" in the City of Ashburn, together with a strip of land between the blocks. The deed contained the following recital: "The said property hereby conveyed is to be used by the party of the second part, . . . as the location of its main line and other tracks and for other railroad purposes." This was followed by the habendum clause which was regular in form, and immediately thereafter was this condition: "But upon condition that the party of the second part shall erect and maintain on the land hereby conveyed its principal machine and repair shops at which the engines, cars, and other rolling stock, for the entire line of the party of the second part shall be repaired and kept in order. Should the said party of the second part fail to locate its said principal repair and machine shops on the land hereby conveyed or should fail to maintain in good faith such shops for the repair of its rolling stock as hereinabove recited for

the full period of fifteen (15) years from the date of completion of said shops, then and in that event the land hereby conveyed shall at once revert to the grantor, its successors and assigns, and the said party of the second part shall, within six (6) months after said land shall have so reverted remove all tracks and any other property of the party of the second part located on the land hereby conveyed and shall vacate the same, Provided, however, that the party of the second part, its successors or assigns, in the event of the abandonment of said shops, or the failure to operate the same as the principal machine and repair shops for the entire line of road of the said party of the second part within said period of fifteen (15) years, shall have the right to purchase said land at a price to be agreed on by the parties hereto, and should said parties fail to agree, then the price to be fixed by arbitration, each party to have the right to select one arbitrator, and the two to select the umpire, and the price fixed by said arbitrators to be final and conclusive upon both parties, and upon the payment of the price so fixed by said arbitrators the said party of the second part, its successors or assigns, to acquire an absolute and unconditional title in fee simple to all the property hereby conveyed, and Provided, further, that in the event said shops are maintained for the full period of fifteen (15) years, as herein provided, that the title to the property hereby conveyed shall vest in the party of the second part, its successors or assigns, in fee simple without any condition or limitation whatever."

The railroad failed to operate its machine and repair shops for the fifteen-year period as agreed. The controlling question is whether the deed from Evans Realty Company to Gulf Line Railway Company (executed in 1911) conveyed a fee simple title or a determinable fee to the described property. In determining this question the language used must be considered to determine the intention of the parties. "The whole of the habendum clause must be considered and given effect, in order to find out the intent of the parties to the deed." *Lawson v. Ga. S. & F. R. Co.*, 142 Ga. 14, 16 (82 SE 233).

It was stated in *Franks v. Sparks*, 217 Ga. 117, 120 (121 SE2d 27), "Whether an instrument creates a limitation or a

condition subsequent is often difficult to ascertain. The line may be a fine one. Nevertheless, it is there." Determining the question is not without difficulty here, but we are of the opinion that the special master and the trial court were correct in holding that the condition is one of limitation, and not a condition subsequent.

The distinction between the two is well illustrated in a quotation from *Atlanta Consol. Street R. Co. v. Jackson,* 108 Ga. 634, 637 (34 SE 184), as follows: "A grant to A B, provided she continues unmarried, is an estate upon condition; and if she marries, nobody can take advantage of it to defeat the estate but the grantor or his heirs. But a grant to A B, so long as she continues unmarried, is a limitation. The moment she marries, the time for which the estate was to be held has expired, and the estate is not technically defeated, but determined."

There are several provisions indicating that the parties here intended to create a determinable fee. First, the deed states that should the grantee fail to use the property for the purpose stated, it would "at once revert to the grantor, its successors and assigns. . ." This provides for an immediate reversion without any action on the part of anyone. Had it been a condition subsequent, the property would not revert except upon some action upon the part of the grantor. (Since the grantor is a company, it could have no heirs.) An assignee could not take advantage of the failure to perform the condition if it was a condition subsequent, whereas he could if it was a limitation. The use of the word "assigns" is indicative of the fact that the parties intended a limitation rather than a condition subsequent, as it would be applicable to a limitation but not to a condition subsequent.

In *Franks v. Sparks,* 217 Ga. 117, 124, supra, it was noted that *Irby v. Smith,* 147 Ga. 329 (93 SE 877), refers to " 'revert,' which is applicable to limitation." In *Mid-State Homes, Inc. v. Johnson,* 218 Ga. 397, 400 (128 SE2d 197), it was held that the language "if she and her family move away or vacate . . . the property reverts . . . ," is a limitation and not a condition subsequent, because an "automatic reverter, instead of a right of re-entry, results. . ." .

Furthermore, the deed provides that the railroad shall, within six months after the land has reverted, remove all tracks and other property of the railroad located on the land and shall vacate it. This clearly indicates that the railroad's interest in the property has terminated and that the grantor's title has reverted to it without restrictions.

The railroad contends that the provision giving it a right to purchase the land at a price that they agree upon, or upon arbitration in case they can not agree, where it has failed to operate for fifteen years, shows that failure to operate does not ipso facto terminate the estate of the grantee. In our opinion, just the opposite is true. There would be no necessity for the railroad to purchase property unless title was in the seller. The deed recites a consideration of $5 and the location and maintenance of its machine and repair shops for a period of fifteen years, the latter obviously being the real consideration for the deed. This strongly indicates that the seller did not intend to convey fee simple title until there was a performance of this provision.

The last quoted provision of the deed, to wit, "Provided, further, that in the event said shops are maintained for the full period of fifteen (15) years, as herein provided, that the title to the property hereby conveyed shall vest in the party of second part, its successors or assigns, in fee simple without any condition or limitation whatever," indicates clearly that only then would title vest in the railroad. This would be consistent with a determinable fee, but not with a condition subsequent.

There is no merit in enumeration of error 1. The rulings above render unnecessary any ruling on enumerations of error 2 and 3.

*Judgment affirmed. All the Justices concur.*